Mr. Justice Miller
delivered tbe opiuion of tbe court:
These are cases from, tbe Court of Claims, and motions are made to dismiss tbe appeals, upon the ground that they were not taken within tbe ninety days to which tbe act of Congress limits the right of appealing from the judgments and decrees of that court.
The facts on which this motion must be decided are simple. Judgments were rendered for the appellees on the 19th and 25th days of March respectively The court adjourned on the 20th day, to the 25th day of June. On the 10th of June the Solicitor of the United States filed in the office of the clerk a paper, of which the following is a copy:
Theodore Adams ) v. [• 1886. The Uotted States. )
The United States, by E. P. Norton, its solicitor, makes application to the Honorable Court of Claims for an appeal of the case of Theodore Adams v. The United States, to the Supreme Court of the United States.
E. P. NORTON,

Solicitor for the United States.

A similar paper was filed in the other case at the same time. On the first day that the court was in actual session, to wit, on the 25th day of June, the solicitor moved for an allowance of these appeals, and on the next day the court made an order allowing them. This order was made more than ninety days after the judgments were rendered.
The fifth section of the act of March 3, 1863, under which these proceedings were had, enacts that u either party may appeal to the Supreme Court of the United States from any final judgment or decree which may hereafter be rendered in any case by said court, wherein the amount in controversey exceeds three thousand dollars, under such regulations as said Supreme Court may direct: Provided, that such appeal shall be taken within ninety days after the rendition of such judgment.”
This language implies that taking an appeal is a matter of right, and is something which the party as distinguished from court may do. When the court has rendered its judgment “ either party may appeal.” That is, has the right to appeal, and may exercise that right by his own volition. The court *14 cannot prevent it, nor is the right dependent upon any judicial discretion.
So also the language of the proviso is to the same purport. The appeal is to be taken within ninety days, not granted, or allowed, or permitted, but taken, a word which implies action on the part of the appellant alone. So that, whatever the proceeding may be which constitutes appealing, or taking- an appeal, it must be something which the party can do; and it would seem that no regulation of the Supreme Court, nor any judicial discretion of the Court of Claims, can deprive him of the right, though the former may frame appropriate' rules in accordance with which the right must be exercised. Hudgins et al. v. Kemp, (18 Howard, 530;) Dos Hermanos, (10 Wheaton, 396;) The Enterprise, (2 Curtis, C. C., 317.)
We consider the paper filed by the solicitor in the office of the clerk of the court as sufficient in form to indicate the intention to exercise this right. It is addressed to the court, refers properly to the case, claims an appeal, and calls upon the court to take the action which the rules prescribed by the Supreme Court require of it.
But it is claimed that the rule so prescribed has not been complied with, and therefore the appeal is not taken within time. The third rule, the one here referred to, is this: “ In all cases an order of allowance of appeal by the Court of Claims, or by the Chief Justice thereof in vacation, is essential, and the limitation of time for granting such appeal shall cease to run from the time an application is made for the allowance of appeal.”
The language of the rule would have been more technically accurate if the word “ taking” had been used instead of “ granting,” but the latter word is used in the rule to express the idea conveyed by the former in the statute.
To understand why the Supreme Court required an allowance of the appeal by the Court of Claims it is necessary to consider the two rules which precede this. A statute passed a year or two after the one we have been considering gave the right of appeal in cases where judgments had been rendered long previous to its passage. In framing rules upon this subject the Supreme Court determined that these rules should be so drawn that only questions of law could be brought here for review. The first rule provided that the party desiring to appeal, in cases *15 decided before the rules were made, should present his petition to the Court of Claims, setting forth the questions of law decided against him which he desired to have reviewed; and that court was required to certify what had been its rulings on those questions. By the second rule the court was required, in all appealable cases thereafter decided, to make a finding of facts, and of their conclusions of law thereon, and make it a part of the record.
It is obvious that in both of these classes of cases it was proper that the attention of the court should be called to the taking of an appeal, and that it should not be treated as perfected until that court had prepared the statement of facts, or the statement of its rulings on questions of law which these rules prescribed. If something of this kind had not been required, the appeal might have been taken and the record filed in this court before the rule had been complied with.
But that the delay in doing this might not prejudice the party desiring to appeal, the rule expressly provides that the statute of limitations shall cease to run from the time the application is made. In other words, the framers of the rule, treating the appeal as taken within the meaning of the statute when the application is made for its allowance, provide that the delay in making out a proper statement of facts and judicial rulings, and then allowing the appeal, (which C. J. Taney says, in Hudgins v. Kemp, “is merely an authority to the clerk to transmit the record,”) shall not operate to defeat the appeal-.
Much minute criticism has been expended on the question whether the adjournment of the court from May to June was a vacation within the meaning of the rule, and whether the application should have been made to the court or to the Chief Justice. The rule says the allowance may be made by the court, or, if there is a vacation, by the Chief Justice, but it does not prescribe the form of the application, or how or to whom it shall be made. We think that whether done in vacation or in session, or during a temporary recess, the rule adopted by that court, of requiring the application to be made by filing it with the clerk, is a very proper one.
We are therefore of the opinion that the filing of this paper was taking the appeal, and that the delay in the subsequent proceeding to render it effectual does not touch its validity.
Another ground for the motion to dismiss these cases is, that *16 tbe statement of facts found by tbe court, and tbeir conclusions of law tbereon, are not a sufficent compliance with tbe rule of tbe Supreme Court on that subject. It is said that tbe statement of facts is a mere recital of tbe evidence, and not tbe results of evidence as found by the court.
Conceding for tbe present that these records are fairly liable to tbe objection made, does it follow that for this reason tbe appeals should be dismissed ¶
In discussing tbe first ground on which tbe dismissal of these cases is claimed, we have seen that an appeal is a right given to tbe party by tbe statute, of which tbe Court of Claims cannot deprive him. It would be a violation of this principle if this court should refuse to consider bis appeal because tbe Court of Claims has erred in its attempt to comply with a rule of this court prescribing tbe character of tbe record to be sent here.
If the Court of Claims bad made no attempt to comply with this part of tbe rule, we do not perceive bow that would deprive this court of its jurisdiction of tbe case, or tbe appellant of bis right to be beard. In such case, there is undoubtedly in this court, as in all appellate courts, a means of enforcing compliance with tbe rule, without permitting its jurisdiction, or the rights of tbe appellant, to be defeated. But there is no such case here. The Court of Claims has made a finding of facts and conclusions of law, and has shown its intention to comply in good faith with tbe rule of this court. Whether it be a sufficient compliance or not, is a question which does not affect tbe jurisdiction of this court, and is no ground for a dismissal of tbe cases. Tbe motions to dismiss are therefore overruled.
Tbe rule above referred to, however, was made for the protection of this court, as well as to secure a finding of facts, by a tribunal which must of necessity inquire into them fully, and which, having ample time, and being otherwise every way competent, may be relied on to find them truly. In consequence of the suggestions of counsel in these cases, and in several others, said to be in the same category, we have examined into the statement of facts certified to us, to see if the rule is complied with. In all that we have examined, except the two named at the head of this opinion, the statement is free from objection. In the case of The United States v. Theodore Adams, the proposi *17 tions of fact are stated more in extenso than is either necessary or desirable, and are subdivided into a greater number of distinct iiropositions than are useful or conducive to clearness.
There are also certain acts and joint resolutions of Congress found as facts, of which this court must take judicial notice, which are, therefore, in no sense facts to be found.
But, after all, there are within a reasonable compass, and fairly stated, the main ultimate propositions of fact, on -which this court can determine the principles of law which must control the case.
But in the case of The United States v. George W. Johnson, it is different. We have first a detailed history of Johnson’s transactions in settling on certain land, which is the foundation of his claim, with no attempt to deduce from this recital any ultimate fact to which a proposition of law can be applied. This is follov ed by from fifteen to twenty affidavits and letters, given in full, from various officers in the department of the public lands, and other persons. What facts these letters and affidavits are intended to establish, we have not stopped to inquire, because it was the object of the rule to impose upon the Court of Claims the duty of drawing the inferences and conclusions which such documents are supposed to establish, or to decide that they do not establish them. The statement in this case is, in this respect, a reproduction of the finding which we rejected in the case of Burr v. The Des Moines Navigation Co., (1 Wallace 102,) to which this court refers in the rules as containing a judicial exposition of the principles on which they are founded.
No doubt it is often difficult to draw the line between a mere recital of the evidence produced in the case, and a finding of the facts which that evidence establishes; and where the statement certified by the Court of Claims is reasonably sufficient, Ave hope we shall not be found captious. But in the case we have mentioned there is such a wide departure.from the principle which lies at the foundation of the rule, that while we shall retain jurisdiction of the case, the record will be remanded to the Court of Claims, with directions to return a finding of facts, in accordance with the rule.
These principles also dispose of the motion for certiorari in the case of J. H. Clark et al. v. The United States, made bn last Friday. - The motion there is designed to require the Court of Claims to make a more extended statement of the evidence *18 on wliicb they ñud “ that the allegation, of fraud or mistake in the concoction of the written agreement is not sustained by the evidence in the case.”
This is precisely the character of finding which the rule of this court was intended to produce. The existence of the fraud or mistake set up in the pleading is one of the ultimate facts to which the law of the case must be applied, in rendering a judgment, and this court does not purpose to go behind the finding of the Court of Claims on that subject. To do so would require an examination of evidence, and a comparison of the weight to be attached to each separate piece of testimony, and the drawing of inferences from the whole, which is the peculiar province of a jury, and which, by our rule, we intended to exclude from the consideration of this court, by making such finding by the Court of Claims conclusive.
The motion in that ease is, therefore, overruled.