80 U.S. 51
 20 L.Ed. 531
 13 Wall. 51
 WHEELER
v.
HARRIS.
 December Term, 1871
 
 1
 THIS was a motion by Mr. Donohue to dismiss an appeal from the Circuit Court for the Southern District of New York, on the ground that a prior appeal had been taken and was pending in the same suit.
 
 The case was thus:
 
 2
 The Judiciary Act, by its 22d section,[1] gives a writ of error to this court, from final decrees in the Circuit Courts, and enacts that:
 
 
 3
 'Every judge signing a citation on any writ of error, shall take good and sufficient security that the plaintiff in error shall prosecute his writ to effect, and answer all damages and costs, if he fail to make his plea good.'
 
 
 4
 The 23d section of the same act, enacts that the writ of error
 
 
 5
 'Shall be a supersedeas, and stay execution in cases only where the writ of error is served by a copy thereof being lodged for the adverse party in the clerk's office, where the record remains, within ten days, Sundays exclusive, after . . . passing the decree complained of. Until the expiration of which term of ten days, executions shall not issue in any case where a writ of error may be a supersedeas.'
 
 
 6
 The act of March 3d, 1803,[2] amendatory of the said act, gives by its 2d section an appeal in all 'final judgments and decrees in the Circuit Courts, in any cases of admiralty and maritime jurisdiction, declaring that such appeals shall be subject to the same rules, regulations, and restrictions as are prescribed in law, in cases of writs of error.'
 
 
 7
 With these statutory provisions in force, Harris, on libel filed in the District Court at New York, obtained a decree for advances made to a vessel of the respondent. From that decree the respondent appealed to the Circuit Court. The cause was there tried, and on the 19th of March, 1870, a decree made in these words:
 
 
 8
 'This cause coming on to be heard on the appeal herein taken by S. G. Wheeler, after hearing, and due deliberation had; it is now ordered, adjudged, and decreed that the judgment herein be affirmed, with the costs to be taxed.'After more than ten days—there having as yet been no taxation of costs nor decree in more form than as above given—the respondent appealed to the Supreme Court of the United States, giving a bond duly approved and sufficient in form and in amount to operate as a stay of execution. The libellants, notwithstanding such appeal, having caused their costs in the Circuit Court to be taxed, issued execution. Thereupon, the respondent moved to set aside the execution, insisting:
 
 
 9
 1st. That no execution could regularly issue upon a mere order of affirmance.
 
 
 10
 2d. That the respondent had ten days after a judgment in form awarding to the libellants a recovery of some amount ascertained and settled by the terms of a final decree.
 
 
 11
 On the other hand, it was argued by the libellants, that the order of affirmance was the final decree, within the meaning of the acts of Congress, and that the appeal was, therefore, too late; that such order of affirmance was frequently the only order made in the Circuit Court for New York, and that appeals had in many cases been heard in the Supreme Court of the United States, when no other order or judgment of the Circuit Court appeared in the record; that Silsby v. Foote[3] was a signal instance of this; that there an appeal in equity had been taken to the Supreme Court within ten days after the decision of the Circuit Court was announced and entered in the minutes, and before a decree was settled and entered; and that after such formal decree was made, another appeal was taken. But that on a motion to dismiss, the court declared that either appeal was regular, in view of the differing practice prevailing in different circuits; but, as it was not proper that there should be two appeals in the same case, they dismissed the latter and allowed the former to stand. The counsel for the libellants, therefore, insisted in the Circuit Court below that the execution was regular.
 
 
 12
 The circuit judge, in passing upon the motion to set aside the execution, said as follows:
 
 
 13
 'The 22d section of the act of 1789, and the 2d section of the act of 1803, are held to require the judge, on signing the citation, on appeal, to require security in a sum sufficient to cover the whole judgment, damages, and costs, as well as the costs in error.[4] The inference is at least plausible, that until some actual award of damages and costs to a definite amount, the party appealing does not know, and the judge taking the security does not know what should be the amount of the bond, nor in what amount the sureties should justify; and that no judgment can be said to be rendered, and more especially no decree in admiralty can be said to be passed, until some actual award of recovery by the libellant is made.
 
 
 14
 'If the case was not ripe for an appeal, then such appeal would be dismissed, and it necessarily follows that it can have no influence on the present motion; that is to say, if it was premature and would be dismissed by the Supreme Court, then it cannot stay the libellant's proceedings. If it was not premature, but will operate to give the Supreme Court jurisdiction, still, not having been taken within ten days after the entry of the order appealed from, it cannot stay execution, unless I should hold that an appeal may be taken before the ten days begin to run, within which it must be taken. In view of the decision in Silsby v. Foote, I prefer to leave it to the Supreme Court to say whether the ten days begin to run so soon as the time arrives when an appeal may be taken; and whether, if the respondent waits until the actual entry of a decree which settles definitely all the details, his appeal, if taken within ten days thereafter, will stay execution.
 
 
 15
 'Here, an execution has been issued when there is no judgment or decree awarding to the libellants a recovery, or awarding to them any execution or other means of giving effect to the decision of the court. I am informed that it has not been unusual in this circuit, to issue execution in cases in admiralty, when no other judgment than an order of affirmance has been made or entered, the proctor, for that purpose, taking the amount of damages to be collected from the decree in the District Court, and the costs of appeal from the taxation by the clerk. I think such a practice both loose and irregular, and I am not aware of any like practice anywhere.'
 
 
 16
 The circuit judge accordingly set the execution aside, thus implying, of course, that the first appeal was premature, and in consequence of this opinion and the action of the court a decree was thus entered on the 27th day of May, 1871:
 
 
 17
 'A decree of affirmance having been entered herein on the 19th day of March, 1870, by which the decree of the District Court was in all things affirmed with costs to be taxed, which costs were taxed on the 21st day of April, 1870, at $640.61; now, on motion of the proctors for the appellees, it is ordered, adjudged, and decreed, that the appellee have judgment against said S. G. Wheeler, appellant, for the amount so decreed then, together with the costs so taxed, amounting, with interest, to the sum of $5444.69, for which judgment is hereby entered against him, the said appellant, and that the appellees have execution therefor.'
 
 
 18
 From this judgment a petition of appeal to this court was filed on the 7th day of June, 1871, and on the same day a citation issued.
 
 
 19
 The present motion was made to dismiss this last appeal.
 
 
 Mr. Donohue, in support of his motion:
 
 
 20
 Silsby v. Foote has passed on this very question. Under that decision the first appeal is good, and the question whether it stays proceedings or not does not change this matter. In the present matter, therefore, the case is before the court, on the first appeal; and two appeals are not allowable in the same case on the same question.
 
 
 21
 The statute giving the party an appeal gives the defeated party the right to appeal from the rendering or passing of the judgment or decree complained of. He has his choice, and when he takes it, and his appeal is good, his further right or appeal in that case is gone.
 
 
 22
 Both contingencies on which an appeal rest had occurred. When the first appeal was taken the judgment had passed and the decree had been rendered; all that remained to be done was to make up the amount,—a merely clerical operation.
 
 
 23
 Messrs. Goodrich and Wheeler, contra, argued that in view of the whole case, if either appeal was to be dismissed it should be the first.
 
 The CHIEF JUSTICE:
 
 24
 It is quite true that two appeals are not allowed in the same case on the same question. We must determine which one of the two should be dismissed. It may be that the first appeal was from a decree which might be taken as final, if the second decree had not been rendered.[5] But it is obvious that the circuit judge did not regard it as final, and it was certainly defective. The second decree was rendered, not by inadvertence, but in view of the rendition of the first decree; and, in order to settle the practice in the Circuit Court for the Southern District of New York, that a decree of affirmance, without taxation of costs and without specifying the sum for which it is rendered, is not to be regarded as a final decree.
 
 
 25
 We think this the better practice, and therefore hold that the first appeal must be
 
 
 26
 DISMISSED AS IRREGULAR.
 
 
 
 [1]
 1 Stat. at Large, 85.
 
 
 [2]
 2 Id. 244.
 
 
 [3]
 20 Howard, 290.
 
 
 [4]
 Catlett v. Brodie, 9 Wheaton, 553; Stafford v. Union Bank, 16 Howard, 135.
 
 
 [5]
 Rubber Company v. Goodyear, 6 Wallace, 153; Silsby v. Foote, 20 Howard, 290.