# WHITSITT *v.* UNION DEPOT AND RAILROAD COMPANY.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF COLORADO.

Submitted May 11, 1887.—Decided May 27, 1887.

On the 6th of October, 1880, a decree was entered in a Circuit Court of the United States dismissing a bill brought to quiet title. Complainant appealed, and the appeal was dismissed at October Term, 1880, it not appearing that the matter in dispute exceeded $5000. In the Circuit Court W. then suggested the complainant's death, appeared as sole heir and devisee, filed affidavits to show that the amount in dispute exceeded $5000, and took another appeal August 30, 1881, which appeal was docketed here September 24, 1881, and was dismissed April 5, 1884, for want of prosecution. Another appeal was allowed by the Circuit Court in September, 1884, and citation was issued and served, and the case was docketed here again. *Held:* That the decree appealed from being rendered in 1880, an appeal from it taken in 1884 was too late.

BILL in equity. Decree dismissing the bill. Complainant appealed. The case is stated in the opinion of the court.

*Mr. E. T. Wells* for appellant.

No appearance for appellee.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

·This was a suit in equity begun by Richard E. Whitsitt, then in life, and James Meskew, to quiet their possession of certain lots in Denver, Colorado. A decree was entered October 6, 1880, dismissing the bill. From that decree the complainants took an appeal to this court, which was dismissed at October Term, 1880, because it did not appear that the value of the matter in dispute exceeded $5000. *Whitsitt* v. *Railroad Company*, 103 U. S.. 770. On the 20th of July, 1881, Emma C. Whitsitt appeared in the Circuit Court, and, suggesting the death of Richard E. Whitsitt, asked to be made a party to the suit in his stead, as sole heir and devisee. An order to this effect was made, and she, on. the 30th of August, 1881, filed in the Circuit Court an affidavit showing that the value of the matter in dispute did exceed $5000. On the same day, she took another appeal, which was docketed in this court September 24, 1881, and dismissed, under Rule 16, April 5, 1884, for want of prosecution. The mandate from this court under this appeal was filed in the Circuit Court September 9, 1884, and the next day, September 10, Mrs. Whitsitt presented to the district judge for the District of Colorado another appeal bond in the suit, which he accepted, and he also signed a citation that was duly served on the same day. This last appeal was docketed in this court September 22, 1884. When the case was reached in its regular order on the docket at the present term, it was submitted by the appellant on printed brief, no one appearing for the appellee.

Section 1008 of the Revised Statutes provides that "no judgment, decree, or order of a circuit or district court, in any civil action, at law or in equity, shall be reviewed in the Supreme Court on writ of error or appeal, unless the writ of error is brought, or the appeal is taken, within two years after the entry of . such judgment, decree, or order : *Provided*, That where a party entitled to prosecute a writ of error or take an appeal is an infant, insane person, or imprisoned, such writ of error may be prosecuted, or such appeal may be taken, within two years after the judgment, decree, or order, exclusive of the term of such disability."

This decree was rendered October 6, 1880, and the present appeal was not taken until September 24, 1884, nearly four years afterwards. There is no suggestion of disability such as would bring the appellant within the proviso. The appeal should, therefore, be dismissed, *Scarborough* v. *Pargoud*, 108 U. S. 567, and it is so ordered.

*Appeal dismissed.*