Richardson, Ch. J.,
delivered the opinion of the court:
In this motion the claimant sets out that on the 12th day of March, 1885, this court gave judgment in said case in his favor for $3,107.11; that- 'he instructed his attorney to take an appeal if the defendant appealed; that his attorney understood that no appeal was to betaken by the defendant, and relying upon that understanding he took no appeal, and did not learn that one had been taken by the defendants until the time for filing his application had expired. He now “ prays that he may be re-instated in his right of appeal and allowed an appeal from the judgment of this honorable court in said cause, as of a day within the term prescribed by law for appeals from this court to the Supreme Court.”
This request must be denied. The doctrine of nune pro tuno applies to matters over which the court has judicial discretion, and can not be invoked to extend the limit of a statutory right of appeal. The court has no jurisdiction over the right of appeal. Section 707 of the Revised Statutes confers the right in cases therein specified, and section 708 requires that—
All appeals from the Court of Claims shall be taken within ninety days after the judgment is .rendered, and shall be allowed under such regulations as the Supreme Court may direct.”
Rule 3 of the Supreme Court provides that:
“ In all cases an order of allowance of appeal by the Court of Claims, or the chief justice thereof in vacation, is essential, and the limitation of time for granting such appeal shall cease to run from the time an application is made for the allowance of appeal.”
It was said by the Supreme Court in Adams’s Case (6 Wall., 101, and 7 C. Cls. R., 11), after quoting the statute:
“ This language implies that taking an appeal is a ¿na tier of right, and is something which the party as distinguished from the court may do. When the court has rendered its judgment ‘ either party may appeal; ’ that is, has the right to appeal, and may exercise that right of his own volition. The court can not prevent it, nor is the right dependent upon any judicial de- *3 cisión. The appeal is to be taken within ninety days, not granted or allowed or permitted, but taken, a word which implies action on the part of the appellant alone.”
Thus it will be seen that the court has no control over the matter of talcing an appeal. That belongs to the parties alone, to be exercised, as the statute requires, within ninety days after judgment is rendered.
When the ninety days have expired, the rights of the parties are fixed, and nothing which the court can do will change theta.
Over the matter of allowance of applications for appeal when made in time, this court does have some control. It can delay the allowance according to circumstances and its own convenience, and the applicant will lose no rights by such delay. It can even revoke an order for such allowance improvidently made, when, within the proper time, a motion to that effect is made, as was decided in Roberts’s Case (15 Wall., 384, and 8 C. Cls. R., 118).
But parties’ rights to prosecute appeals do not depend upon the action of this court upon applications made here under the rule. The Supreme Court will, or will not, entertain appeals according to the rights of parties independently of what this court may decide. (Adams’s Case, 6 Wall., 101, and 7 C. Cls. R., 11] Callan v. May, 2 Black., 541; The Enterprise, 2 Curtis, C. Cls. R. 318.)
Although the allowance of an application for appeal is little more than a matter of form, the Court of Claims will not grant it when, as in this case, it is clear that the party making application has no such right.
Nott, J.:
This is an application for the allowance of an appeal. As the claimant has presented no argument, oral or written, I express no opinion upon its merits, further than the conclusion that the appeal not having been taken within the time prescribed by law, the court is without power in the premises. If the claimant is wronged by this conclusion his remedy is in the appellate court. (Zellner, ex parte, 9 Wall., 244; Russell, ex parte, 16 id., 664; Atocha, ex parte, 17 id., 439; Vigo, ex parte, 21 id., 648.)