Richardson, Ch. J.,
delivered the opinion of the court:
Ordinarily when an application for appeal is made it is an ex parte proceeding, and is allowed, as a matter of course, if the record be completed and in proper condition to be certified to the appellate court. But when the adverse party has asked for a hearing in opposition, and the parties have been heard, it is proper for the court to give its reasons for its action thereon.
The rule of the Supreme Court declares that “in all cases an order of allowance of appeal by the Court of Claims, or the chief justice thereof in vacation, is essential” (20 C. Gis. R., xxxii), and the Supreme Court, in one or more instances, has issued an order requiring the judges of this court to show cause why a mandate should not be issued to compel the Court of Claims to allow an appeal where one has been denied, thereby indicating that the appellate court expects this court to give the reasons in controverted cases of this kind. (McKee’s Case, 10 C. Cls. R., 208.)
The claimant objects to the allowance of appeal applied for by the defendant on two grounds: One, that the right of appeal never existed; and the other, that if it ever did exist, the application was not made in due time.
First, as to the right: The District Claims Act, under which *43 this action is brought (Supp. Rev. Stat., 562), in section 3, provides that— '
“The Attorney-General of the United States shall have authority, and it shall be his duty, to defend the District of Columbia against all such claims against said District of Columbia prosecuted in said Court of Claims and on appeal, in like manner as he is now by law required to defend the United States in said court, * * * with like power of appeal, as in cases against the United States tried in said court.”
Section 707 of the Revised Statutes provides that—
“ An appeal to the Supreme Court shall be allowed on behalf of the United States from all judgments of the Court of Claims adverse to the United States.”
This would seem to settle the controversy, without question, were it not for a provision in the next preceding section of the District Claims Act that—
“In any case, if before trial either party requests in writing, a finding of facts by the court, there shall be the same right of appeal either by the District of Columbia or by the claimant, and subject to the same rules and regulations, as are provided by law for appeals on behalf of the United States or claimants against the United States from the judgments of the Court of Claims.”
The claimant contends that this provision restricts the right of appeal on the part of both parties to cases in which such a request for findings of fact has been Made, and that neither party in this case requested a finding of fact by the court, and so no right of appeal exists.
We are inclined to think that this is not a limitation on the right of appeal given to the Attorney-General by the next succeeding section above quoted, but rather that the latter is an enlargement of the former in favor of the defendant, even if such a request be in all cases a condition precedent to the claimant’s rights.
That provision evidently was made with reference to the rules of the Supreme Court and the practice of this court thereunder. The former provide that cases on appeal shall be heard in the Supreme Court upon (among other specified records)—
“ A finding by the Court of Claims of the facts in the case, established by the evidence, in the nature of a special verdict, but not the evidence, establishing them [and] in all cases in *44 which either party is entitled to appeal to the Supreme Court, the Court of Claims shall make and file their findings of facts and their conclusions of law therein, in open court, before or at the time they enter judgment in the case. (20 C. Cls. R., XXXI.) ”
In any case under the District Claims Act the court might be relieved from finding the facts if neither party should request it, and when no facts are found the case, according to the rules, could not be heard on appeal.
In the present case, however, the record shows that practically both parties did request findings by the court. By a written request of claimant the case was referred to a referee to report certain facts, and upon his report coming in each party filed exceptions to it; and the court,taking into consideration their requests, did make and file at the time of entering judgment a finding of facts established by the evidence, and so put the case in a condition to be heard on appeal in the Supreme Court.
Second, as to whether the application was filed in due time: Section 708 of the Revised Statutes requires “ all appeals from the Court of Claims shall be taken within ninety days after the judgment is rendered.”
The first judgment was rendered April25, 1887, and findings of fact were filed at the same time. On June 2,1887, that judgment was set aside and a new judgment entered for a different amount, the findings remaining the same. On the same day the defendant- filed a motion for a new trial, and the court took the same under advisement. -'This motion, by the general rules of law on -the subject, undoubtedly suspended the finality of the judgment, leaving the same in the control of the court to determine whether it should be disturbed or should stand, and it suspended the obligation as to the time within which to file an appeal until the final disposition of the matter. (Brockett v. Brockett, 2 How., 228; Slaughter House Case, 10 Wall., 289; Cambretson v. United States, 95 U. S. R., 287.)
The claimant argues that section 1088 of the Revised Statutes takes this case out of the general rule. It is as follows :
“ The Court of Claims at any time while any claim is pending before it, or on appeal from it, or within two years next after the final disposition of such claim, ma.y, on motion on behalf of the United States, grant a new trial and stay the *45 payment of any judgment therein, upon such evidence, cumulative or otherwise, as shall satisfy the court that any fraud, wrong, or injustice in the premises has been done to the United States; but until an order is made staying the payment of a judgment, the same shall be payable and paid as now provided by law.”
The answer to this is plain. That section gives to the Court of Claims special powers for granting new trials on motion of the United States, for fraud and other enumerated causes, even after judgment has been affirmed by the Supreme Court on appeal. (Ex parte Russell, 16 Wall., 699.) The defendant’s motion in this case was not founded on that section and did not allege any of the causes therein specified, but was merely a request to the court, made at the same term the judgment was rendered and while it had full control of the same, to reconsider its action for alleged error of its own and to allow the defendant to show that it had “ erred in failing to find all the material facts shown in the proof, and finding facts not shown by the proof, and entering judgment contrary to the law and the evidence.”
On the 16th of November, 1887, at the same term of the court (Rev. Stat., § 1052), the court entered an order which, after reciting that the motion for a new trial had been held under advisement and requests for additional findings of fact had been considered, and the former facts having been revised and filed anew, .overruled the motion aud ordered the judgment entered June 2, 1887, to stand as the judgment of the court upon the findings then filed.
This was equivalent to, and in legal effect was a new entry of the judgment, or the giving of finality to the former judgment entered at the same term.
At any time during the same term, before control of a case has been lost by the consummation of an appeal, the court on its own motion or on motion of either party may set aside a judgment or may signify its intention to reconsider it; and in such case it does not become final until the order of the court to that effect is entered of record. (Railroad Company v. Bradleys, 7 Wall., 575, 578; Doss v. Tyack, 14 How., 297, 312; Wheeler v. Harris. 13 Wall., 51.)
The application for appeal is allowed.