## THE TREFUSIS.

(Circuit Court of Appeals, Fifth Circuit. December 5, 1899.)

### No. 840.

SALVAGE—AMOUNT OF AWARD—REVIEW ON APPEAL.

Under section 11, Act March 3, 1891, creating the circuit courts of appeals, such courts are governed, in reviewing decrees in admiralty, by the provisions of law then in force and applicable to such review by the supreme court; and under Act Feb. 16, 1875 (18 Stat. c. 77), restricting such review to matters of law, a decree for salvage services cannot be altered, for the reason that the amount awarded is excessive, unless the excess is so great that, upon any reasonable view of the facts found, the award cannot be justified by the rules of law applicable to the case.

Appeal from the District Court of the United States for the Southern District of Florida.

Wilhelmus Mynderse, for appellant.

J. M. Phipps and Harrington Putnam, for appellees.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

McCORMICK, Circuit Judge. In this case we affirm the decree of the district court. The appellant has assigned six errors. The last three relate to complaints made by the appellant against the salvors for want of skill, care, and energy in rendering the salvage services.

The district court examined these complaints carefully, and reviewed the evidence relied on for their support, and found that they were not sustained. If we should hold that this finding on this issue is not binding on us, we would be constrained, by the testimony contained in the record, to concur in it. It is clear to us that these complaints are not supported by the proof in the case. The other three errors assigned present only a question as to the reasonableness of the amount of the salvage allowed. The findings of the district court recite that:

"The value of the vessel and cargo has been stipulated to be $171,000, and, under the circumstances of the case, it is considered that $12,500 would be a fair and just salvage, not unnecessarily burdensome upon the property, nor rewarding the salvors extravagantly, but simply compensating them for their labors and risk, and giving a fair bonus in accordance with the well-accepted rules of salvage."

The decree is for the sum of $12,500, together with the costs incurred in the case. In the case of The Connemara, 108 U. S. 352, 2 Sup. Ct. 754, 27 L. Ed. 751, Mr. Justice Gray, in delivering the opinion of the court, quotes this language of Chief Justice Marshall, used in the case of The Sybil, 4 Wheat. 98, 4 L. Ed. 522:

"It is almost impossible that different minds contemplating the same subject should not form different conclusions as to the amount of salvage to be decreed and the mode of distribution."

Judge Gray proceeds to show that before the passage of the act of February 16, 1875, the supreme court had full jurisdiction to reverse decrees in admiralty upon both facts and law, but that even then the amount decreed below was never reduced unless for some violation of just principles, or for clear and palpable mistake or gross overallowance; that by the act last mentioned the authority to revise any decree in admiralty of the circuit court is limited to questions of law, and the findings of fact by that court are equivalent to a special verdict, or to facts found by the court in an action at law when a trial by jury is waived; concluding that:

"Since the act of 1875, in cases of salvage, as in other admiralty cases, this court may revise the decree appealed from for matter of law, but for matter of law only; and should not alter the decree for the reason that the amount awarded appears to be too large, unless the excess is so great that, upon any reasonable view of the facts found, the award cannot be justified by the rules of law applicable to the case."

By the act to establish the circuit courts of appeals, approved March 3, 1891 (with certain exceptions not necessary to note), this court has final jurisdiction of appeals in admiralty cases. Section 11 of the act last referred to provides:

"And all provisions of law now in force regulating the methods and system of review, through appeals or writs of error, shall regulate the methods and system of appeals or writs of error provided for in this act and in respect of the circuit courts of appeals."

It is clear that the services rendered in this case to the steamship Trefusis were salvage services. In the then condition of the wind and waves, the position of the ship did not involve serious present peril, but manifestly did involve imminent peril. The district court finds that from this position of threatened peril "the ship was rescued

without injury, and the cargo replaced without any loss whatever, ready to continue her voyage and earn her freight, with comparatively slight detention." From a careful consideration of the whole case made by the record, we are not prepared to hold that the award cannot be justified by the rules of law applicable to the case. Therefore the decree of the district court is affirmed.