### BUTT v. UNITED STATES.

#### (Circuit Court, N. D. West Virginia. January 5, 1904.)

**1. APPEAL—TIME FOR TAKING—SUITS AGAINST UNITED STATES.**
   The provision of section 11 of the act creating the Circuit Courts of Appeals (Act March 3, 1891, c. 517, 26 Stat. 829 [U. S. Comp. St. 1901, p. 552]), that no appeal or writ of error by which any order, judgment, or decree may be reviewed in such court shall be taken or sued out except within six months after the entry of the order, judgment, or decree sought to be reviewed, applies to suits on claims against the United States brought in the Circuit Court under Act March 3, 1887, c. 359, § 2, 24 Stat. 505 [U. S. Comp. St. 1901, p. 753], and the court has no power to allow an appeal therein by the United States after the expiration of six months from the entry of the decree.

On Application for Appeal.
For former opinion, see 122 Fed. 511.

JACKSON, District Judge. The application of the United States, by Reese Blizzard, the United States District Attorney for this district, and representing the Attorney General of the United States, for appeal in this case is refused.

The decree in this case was entered on the 2d day of May, 1903, and the term of the court at which this decree was pronounced was ended on the second Tuesday in June, the commencement of the succeeding term. No application was made to the court for an appeal before the end of the regular term of the court at which the decree was pronounced. The provisions of section 11 of the act of March 3, 1891, c. 517, 26 Stat. 829 [U. S. Comp. St. 1901, p. 552], creating the Circuit Courts of Appeals, provides that no appeal shall be taken to that court except taken or sued within six months after the final order or decree. It will be observed that the six months expired not later than the 2d day of November, 1903, and for this reason, under the act of Congress, the court feels constrained to refuse any application for an appeal.

Where an appeal is not taken out, or writ of error sued out, within the prescribed time, they will be dismissed, unless there is some saving in the statute allowing an appeal. In the section under consideration

there is no saving. This principle of law is recognized by a long list of authorities in both federal and state courts. Volume 2, Cyclopedia of Law & Procedure, pp. 803, 804. In the case of Whitsitt v. Union Depot & Railroad Company, 122 U. S. 363, 7 Sup. Ct. 1248, 30 L. Ed. 1150, the court decided, Chief Justice Waite delivering the opinion of the court, that, "unless a writ of error or the appeal is taken within the time prescribed by the statute, after the entry of the judgment, decree, or order, an appeal or writ of error would be too late." In the case of Coulliette v. Thompson et al., 50 Fed. 787, 1 C. C. A. 675, an appeal taken to the Circuit Court of Appeals for the Fifth Circuit, the court held that "an appeal to the Circuit Court of Appeals, more than six months after entry of the decree, must be dismissed under the judiciary act of 1891, section 11." This is the construction, by that court, of the act under which the appeal in this case is proposed to be taken. In the case of Threadgill v. Platt et al. (C. C.) 71 Fed. 1, a writ of error was sued out to review a judgment at law in the Circuit Court of Appeals sitting for the Fourth Circuit, and the court expressly held, speaking through Simonton, Circuit Judge, that "a judge, in passing upon an application for the writ, must exercise the powers of that court, and is bound by its limitations; that he cannot, therefore, issue the writ after the expiration of the time limited by law." This is a construction of section 11 of the act of 1891 by which this court must be bound. This court holds that Congress, in fixing a time in which a writ of error or appeal could be sued out from the decision of a circuit court of the United States, intended that no appeal could be taken, or writ of error could be sued out, after the expiration of that time, obviously for the purpose of trying to put an end to litigation. If the act of Congress fixed and determined this right, no act of this court, nor of the appellate court, can create a right by legal intendment or legal action. This court, as well as the appellate court, must be bound by the terms of the act of Congress. If this is not a proper construction of section 11, then it must follow that the courts of the country would be under no legal limitations or restrictions in the exercise of their power in allowing appeals or granting writs of error.

It is suggested to the court by the District Attorney that the case of Lau Ow Bew v. The United States, 144 U. S. 47, 12 Sup. Ct. 517, 36 L. Ed. 340, would throw some light upon the question involved in this motion. A careful review and consideration of that case satisfies me that there is nothing in it that bears upon the question now under consideration. The construction of section 11 of the act of 1891 was not involved in that case.

But for the urgent request of the department of justice represented by the District Attorney of this district, I should not have considered it necessary, in disposing of this motion, to enter into a discussion as to the right of the government to take an appeal in this case. For that reason, and that alone, I have written this brief opinion. Otherwise I should have contented myself by refusing the appeal, without assigning any reasons for it other than that the time had expired in which it could be taken.

As I have said before in this opinion, the appeal is refused.