Per CueiaM :
On March 12, 1919, plaintiff filed an application for appeal as follows:
“ Claimant hereby prays an appeal to the United States Supreme Court (1) from the judgment of this court rendered on the 16th day of December, 1918, by which a motion of claimant for leave to move for amendment of findings of fact was overruled, and (2) from the judgment of the court rendered on the 6th day of June, 1918, in connection with which the findings of fact referred to in said later motion were made.”
On June 10, 1918, the court filed its findings of fact and conclusions of law in said case and rendered its judgment dismissing the plaintiff’s petition.
Pule 4 of the Supreme Court requires the Court of Claims to make and file their findings of fact and their conclusions of law thereon in open court before or at the time they enter judgment in a case. This rule was conformed to in the instant case.
The rule of the Court of Claims provides that:
“ Whenever it is desirerj to question the correctness or the sufficiency of the court’s findings of fact or its conclusions, or to amend the same, the complaining party shall file a motion which shall be known and may be considered as a motion for a new trial All grounds relied upon for any or all of said objects shall be included in one motion. After the court has announced its decision upon such motion no other motion by the same party shall be filed unless by leave of court.
“Motions for new trials, except as provided by section 1088 of the Revised Statutes (sec. 175 of the Judicial Code) shall be filed within sixty days from the time the judgment of the court is announced.”
The plaintiff did not file a motion for a new trial, or, what under the rule is the same thing, a motion to amend findings of fact or conclusions of law, within the 60 days prescribed by the rule, or at any subsequent time. Neither did the plaintiff make any application for appeal to the Supreme Court “ within 90 days after the judgment ” was rendered.
On November 30, 1918, on which day the court adjourned for the term, the plaintiff presented at the clerk’s office for filing a “Motion of claimant for leave to file motion for *118 amendment of findings of fact.” This motion did not reach the court until after the beginning of the new term, and it was overruled by the court on December 16,1918. Thereafter the motion of March 12, 1919, above mentioned, was filed.
Section 243 of the Judicial Code provides that appeals from this court shall be taken within 90 days after the judgment is rendered, and shall be allowed under such regulations as the Supreme Court may direct.
Rule 3 of the Supreme Court relating to appeals from the Court of Claims provides that the limitation of time for granting the appeal shall cease to run from the time an application is made for the allowance of appeal, and provides for an order for allowance of appeal by the court, or by the Chief Justice thereof in vacation. The filing of the application for appeal suspends the running of the limitation.
If plaintiff had filed within the 60 days prescribed by the rule a motion for a new trial, or to amend the findings of fact or conclusion of law, or had filed (within the 90 days prescribed for appeal) a motion for leave to file a motion to amend the findings, a different question would be presented; but the plaintiff not having filed an application for appeal within 90 days, as provided by the statute, and not having filed a motion to amend findings of fact or conclusions of law or other motion within the time prescribed by the rule of this court, and before the expiration of the 90 days allowed for appeal, an application now made for an appeal from the judgment of June 10, 1918, should be, and is, denied. Walsh Case, 23 C. Cls., 1; Whitsitt v. Un. Depot Co., 122 U. S., 363; Butt v. United States, 126 Fed., 794.
A motion for a new trial, seasonably made, suspends the running of the time within which to file an application for appeal (Murdock Case, 23 C. Cls., 41), but in the absence of any such motion, or of some proceeding of which the court has jurisdiction, and seasonably filed, it is not permissible, after the period within which an appeal can be applied for, to extend the time fixed by the statute for appeal. Walsh *119 Case, 23 C. Cls., 1, 3; Sampson Case, 36 C. Cls., 194; Butt Case, supra.
The plaintiff did not make a motion to amend the findings of fact announced on June 10, 1918, but, on November 30, 1918, presented for filing in the clerk’s office a motion for leave to file a -motion for a new trial. This motion was overruled, and we have not been referred to any statute or rule authorizing the allowance of an appeal from the action of the court in overruling such a motion.
Accordingly the court declines to grant the plaintiff’s application for appeal.