## THE SANTA RITA.

(Circuit Court of Appeals, Fifth Circuit.  June 20, 1922.  Rehearing Denied
July 24, 1922.)

No. 3830.

**1. Admiralty ⬅108—Time for appeal runs from entry of final decree.**

Where a written statement of findings by the court was intended to
be, and was, followed by entry of a formal decree, the time for taking
an appeal ran from the entry of such decree.

**2. Salvage ⬅51—Amount of award reviewable only for important error.**

The rule on appeal from a salvage award is that the amount allowed by
the trial court should not be changed unless some important error has
been committed, such as a violation of the rules of law applicable to the
case, a clear and palpable mistake, or that, on any reasonable view of
the facts clearly proved, the amount awarded appears to be grossly inade-
quate or excessive.

Appeal from the District Court of the United States for the Eastern
District of Texas; W. L. Estes, Judge.

Suits in admiralty for salvage by the Texas Company and others
against the steamship Santa Rita and others.  From the decree, the
Texas Company and others appeal.  Affirmed.

John D. Grace, of New Orleans, La. (M. A. Grace, of New Or-
leans, La., on the brief), for appellants.

F. D. Minor, of Beaumont, Tex., David M. Picton, Jr., of Houston,
Tex., John C. Prizer, of New York City, C. A. Lord, of Beaumont,
Tex., and Wm. B. Lockhart and J. W. Lockhart, both of Galveston,
Tex. (Barry, Wainwright, Thacher & Symmers, and Minor & Minor,
all of New York City, and Lockhart & Lockhart, of Galveston, Tex.,
on the brief), for appellees.

Before WALKER, BRYAN, and KING, Circuit Judges.

WALKER, Circuit Judge.  Three libels asserting salvage claims
against the steamship Santa Rita and its cargo were filed, one by the
owner of the tug Waban and its master and crew, one by the owner
of the tug Bertha II and its master and crew, and one by the Texas
Company, the owner of the tug North American, of the launch Juliet,
and of an oil fire-fighting equipment using a mixture called foamite,
and by employees of the Texas Company who participated in the al-
leged service in which that company's tug, launch, and fire-fighting
equipment were used.  These cases were consolidated, and the decree
appealed from disposed of the claims asserted in the three cases.  Aft-
er the court had heard the evidence adduced, most of which was tes-
timony of witnesses given in the presence of the court, the presiding
judge made a written statement, which is quoted from below.  That
statement showed the conclusions of the court as to the total amount
to be awarded, and as to the division of that amount between the three
sets of libelants, but did not provide for payment by the claimant
of the Santa Rita and its surety, nor for interest and costs, and did

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

not specify which of the libelants in each libel were to share in the recovery thereon, or how the amount awarded thereon was to be distributed between the libelants who were to share in that amount. Some time after that statement was made and filed the court made a formal decree covering the just mentioned details.

[1] A motion was made to dismiss the appeal, on the ground that it was sued out more than six months after the date of the filing of the above-mentioned statement. It is apparent that the court did not intend that statement to have the effect of finally disposing of the consolidated cases, and that it was contemplated that a formal decree would subsequently be made and entered. That having been done, the statutory time for suing out an appeal began to run when the formal decree was made and entered. The appeal was taken within that time. The postponing of the suing out of an appeal until after the case is finally disposed of by a formal decree is in conformity with approved practice. Wheeler v. Harris, 13 Wall. 51, 20 L. Ed. 531. The motion to dismiss the appeal is overruled.

The above-mentioned statement contained the following:

"On June 22, 1920, the American oil tanker Santa Rita left Beaumont under tow of the tugs Waban and Bertha, the former in the lead and the latter following behind. She had been partially loaded at Beaumont with gas oil, and was proceeding to Sabine, where the remainder of the cargo was to be taken aboard. While en route, and when the vessel was near the Texas Island, at the juncture of the Port Arthur and Sabine-Neches Canals, fire was discovered in her fire room. The Bertha at the time was alongside the ship, and the Waban slightly in advance, and when called both tugs immediately responded and came to the assistance of the distressed vessel. Later the North American entered the canal, and although the captain of that vessel discovered the Santa Rita was on fire when he was at a distance of some four or five miles from her, he caused his boat to approach the dock and did not offer to assist in extinguishing the fire until requested to do so. This tug later, when called, approached and rendered substantial aid. The foamite equipment, a barge, a large wrecking pump—a part of the Texas Company's fire equipment at the refinery—also a launch, the Juliet, all belonging to the Texas Company, were likewise employed, and the conflagration was extinguished by the combined efforts of the Santa Rita's crew and the crews of the three tugs, utilizing the fire-fighting facilities of the boats, as well as the foamite and other equipment and the employees of the Texas Company in charge of it.

"I find that the fire was discovered at its inception; that the crew of the Santa Rita promptly responded to orders and remained at their stations; that the fire, although of substantial proportions and resulting in considerable damage, at no time got beyond control, nor did it imperil the safety of the salving crews or vessels; that the salvage service rendered caused the fire to be extinguished much earlier than it would otherwise have been extinguished, and, in consequence of reducing the damage to the salved ship, is worthy of substantial reward. It is my judgment that the Texas Company, by reason of employing and having available for use during this fire an unusually well-equipped tug and the foamite equipment and men to handle it, that were brought to the vessel and used, is entitled to practically as much reward as the other two vessels combined, but that the captain of that vessel failed, when he saw the distress of the Santa Rita, to respond with alacrity to the situation. He made no offer to assist until requested to do so, and for that reason I think the award to the Texas Company should be reduced to the extent of $500. None of the salving vessels were damaged at all as a result of the service rendered, and the time during which the fire was fought did not exceed eight hours, and it was confined to the fire and engine room of the Santa Rita. * * *

"The value of the Waban was about $40,000, of the Bertha about $50,000, and of the North American about $75,000. The Santa Rita and cargo was worth between $1,200,000 and $1,500,000. Considering all the facts, my judgment is that $30,750 would be a proper amount to award for this service as a whole; that it should be divided about equally between the Texas Company and the other two libelants; that is to say, I think $15,000 would be a reasonable reward for the service rendered by the Texas Company, from which amount $500 should be deducted on account of the failure of the captain of the tug North American to evince a more generous spirit when he discovered the ship on fire. An award of $8,000 to the Waban and $8,250 to the Bertha would, I think, be adequate and proper."

The subsequently entered decree was appealed from only by the Texas Company and its colibelants. The other libelants do not complain of the amount awarded or of the apportionment of it. The claimant of the Santa Rita does not attack the decree.

The appellants complain of the decree on the grounds that the award as a whole was grossly inadequate, and that in the apportionment of the sum awarded the share of the appellants was made greatly less than it should have been. These complaints are sought to be supported by contentions as to the extent and gravity of the fire, especially when the use of the oil fire-fighting apparatus of the Texas Company was called for and furnished; as to the foamite being the means of saving the Santa Rita and its cargo from total destruction; that property of the Texas Company worth many millions of dollars was greatly endangered in consequence of the service in question being rendered; that that property was in great danger from lightning at the time the use of the fire-fighting apparatus of the Texas Company was furnished to put out the fire on the Santa Rita; that the individual appellants risked their lives in rendering the service after the crew of the Santa Rita had fled from the burning ship; and that the efforts of the other libelants who were allowed to participate in the award were so ineffective and unsuccessful as to require the conclusion that the distribution of the sum awarded was made without due regard to the comparative values of the respective services of the several libelants who joined in the efforts made to save the ship and its cargo.

We do not think that the record warrants the sustaining of those contentions by this court. There was evidence to support findings to the following effect: That the extent of the fire and the consequent danger to life and property were exaggerated by the testimony relied on by the appellants, which was in conflict with other testimony adduced; that services rendered by libelants other than the appellants, and before the foamite was applied, were so far effective as to help materially in reducing the fire and confining it to a comparatively small part of the ship, with the result of practically eliminating the danger of it extending to the part of the ship in which were located the tanks containing fuel oil for the use of the ship, and gas oil, the area to which the fire was confined being separated by bulkheads or solid partitions from the space containing the fuel and cargo oil; that before the foamite equipment and material were furnished or used the fire was so far under control that it did not involve any real peril to those who fought it or to property of the Texas Company, which was located a considerable distance away; that, while the foamite was ef-

fective in putting out quickly what was left of the fire when it was applied, the other means used would have been successful in keeping the ship and its cargo from being destroyed; that at no time during the fire was property in the vicinity of it in any real or apparent danger from lightning, the only lightning observed being far away, and no thunder being heard by any one at or near the scene of the fire; and that with the exception of one seaman, who left the Santa Rita soon after the fire was discovered, all its officers and crew remained on board, and rendered faithful service in combating the fire. If such findings, in addition to those disclosed by the above-quoted statement, had been formally made, this court would not be justified by the record before it in setting them aside, on the ground that they were unsupported by evidence or were against the weight of the evidence. To a considerable extent the claims made in behalf of the appellants, that the award as a whole and the share of the appellants therein should be increased, are based upon the asserted existence of circumstances which this court is warranted in concluding were not proved.

[2] The amount of a salvage award rests largely in the discretion of the trial court. It is to be expected that there would be different opinions as to the amount to be allowed. The rule on appeal is that the amount allowed by the trial court should not be changed, unless some important error has been committed, such as a violation of the rules of law applicable to the case, a clear and palpable mistake, or that, upon any reasonable view of the facts clearly proved, the amount awarded appears to be grossly inadequate or excessive. Irvine v. The Hesper, 122 U. S. 256, 7 Sup. Ct. 1177, 30 L. Ed. 1175; The Connemara, 108 U. S. 352, 2 Sup. Ct. 754, 27 L. Ed. 751; Fountain v. Sawyer, 176 Fed. 92, 99 C. C. A. 612; The Trefusis, 98 Fed. 314, 39 C. C. A. 96.

The result of applying the just stated rule to this case is that the attack made on the decree should not succeed. The record warrants the conclusion that there was no lack of liberality or proper discrimination in fixing the amount of the total award, or in determining the share of it to be allotted to the appellants. In our opinion it has not been made to appear that the amount awarded to the appellants was less than what, on a reasonable view of the facts proved, might properly be regarded as enough to cover full compensation for the services rendered, and a suitable reward in addition.

It follows that the decree should be affirmed; and it is so ordered. Affirmed.