## MUSSINA v. CAVAZOS.

1. The writ of error by which a case is transferred from a Circuit Court to this court is the writ of the Supreme Court, although it may be issued by the clerk of the Circuit Court; and the original writ should always be sent to this court with the transcript.

2. The writ is served by depositing it with the clerk of the Circuit Court, and if he makes return by sending here a transcript in due time, this court has jurisdiction to decide the case, although the original writ may be lost or destroyed before it reaches the Supreme Court.

3. The cases of *Castro* v. *United States* (3 Wallace, 46), and *Villabolos* v. *Same* (6 Howard, 81), commented on and explained.

4. It is not a fatal defect in a writ of error that it describes the parties as plaintiffs and defendants in error, as they appear in this court, instead of describing them as plaintiffs and defendants, as they stood in the court below, if the names of all the parties are given correctly.

5. Where a bill of exceptions is neither signed or sealed by the judge, so that there is nothing to show that it was submitted to him, or in any way received his sanction, the judgment below will be affirmed. (See page 363.)

MOTION to dismiss a writ of error to the District Court for the Eastern District of Texas; the case being thus:

The twenty-second section of the Judiciary Act provides that—

"Judgments and decrees of the District Courts may be re-examined, and affirmed or reversed in a Circuit Court, upon *a writ of error,* whereto shall be annexed *and returned therewith,* at the day and place therein mentioned, an authenticated transcript of the record, an assignment of errors, and a prayer for reversal; with a citation, &c. And upon like process may judgment in the Circuit Courts be re-examined in the Supreme Court."

In this case there was only a *copy* of the writ annexed to the transcript; but the plaintiff in error had filed an affidavit by which it appeared that during the late civil war, the records of the court had been almost entirely burnt up, and he swore that, as he verily believed, there were none of the original papers of the cause now in existence. Assuming the copy of the writ of error thus returned with the transcript to have been a true copy, then the clerk had made his writ to run thus:

"Because in the record and proceedings, as also in the rendition of judgment of a plea which is in said District Court before you, in which *Simon Mussina is plaintiff in error and Maria Josefa Cavazos and Estefana Goascochea de Cortina are defendants in error,* manifest error hath happened to the great damage of the said Simon Mussina," &c.

The writ, it will be observed, did not say who was plaintiff *below* and who there defendants; though the description of the parties, as they appeared in *this* court, was correct. The petition for the writ of error, as contained in the transcript of the record, describes the parties thus:

"In a certain cause wherein Maria Josefa Cavazos and Este-

fana Goascochea de Cortina were plaintiffs and Simon Mussina defendant, a final judgment was rendered," &c.

The bond given by plaintiff in error described the parties in the same manner.

*Messrs. Robinson and Hale* rested their motion to dismiss on the ground, 1st, that the twenty-second section of the Judiciary Act above quoted made it indispensable to the jurisdiction of this court that the writ of error itself annexed to the transcript, should be "*returned therewith;*" that here the *writ of error* was not returned, relying in support of their view on this point upon *Castro* v. *United States,*\* and the previous case of *Villabolos* v. *Same;*† and 2d, that admitting that a copy might be substituted for the writ, and that the copy here was a true one, the parties to the suit had been fatally misdescribed in the original.

*Messrs. Sherwood and Edmunds, contra.*

Mr. Justice MILLER delivered the opinion of the court.

We are of opinion that the original writ should always be returned to this court with the transcript of the record. The writ of error is the writ of this court, and not of the Circuit Court, whose clerk may actually issue it. The early practice was, that it could only issue from the office of the clerk of the Supreme Court, and in the case of *West* v. *Barnes,*‡ at the August term, 1791, it was so decided. This decision led to the enactment of the ninth section of the act of 1792,§ by which it was provided that the clerk of the Supreme Court, assisted by any two justices of said court, should prescribe the form of a writ of error, copies of which should be forwarded to the clerks of the Circuit Courts; and that such writs might be issued by these clerks, under the seals of their respective courts. The form of the writ provided under this act has been in use ever since. It runs in the name of the President, and bears the *teste* of the chief justice of

---

\* 3 Wallace, 46.          † 6 Howard, 81.
‡ 2 Dallas, 401.          § 1 Stat. at Large, 278.

this court. It is in form and in fact, the process of this court, directed to the judges of the Circuit Court, commanding them to return with said writ, into this court, a transcript of the record of the case mentioned in the writ.

When deposited with the clerk of the court, to whose judges it is directed, it is served; and the transcript which the clerk sends here, is the return to the writ, and should be accompanied by it.

In the case before us, the plaintiff in error, by way of substitute for a writ of *certiorari*, has filed an affidavit, from which it appears, that, without his fault, the writ has been destroyed by burning, during the late civil war. Taking the copy of the writ found in the record to be a true copy, it may be considered as established, that a writ of error was issued and served, and that a transcript of the record, with a copy of the writ, was returned and filed in this court, before the first day of the next term after it was issued, and that the original writ is destroyed.

We have repeatedly held that the writ of error in cases at law is essential to the exercise of the appellate jurisdiction of this court. And it is undoubtedly true that this court has gone very far in requiring strict compliance with the acts of Congress under which cases are transferred from inferior tribunals to this court.

In the case of *Castro* v. *United States*, we held, on consideration of the previous cases, and on principle, that unless the transcript from the court below was returned before the end of the term next succeeding the allowance of the appeal, this court had no jurisdiction. Although the question there arose on an appeal, the principle decided is equally applicable to a writ of error; for the act of 1803, which first authorized appeals, subjects them to the rules and regulations which govern writs of error. The ground of that decision, and also of the case of *Villabolos* v. *United States*, which preceded it, is the general principle, that all writs, which have not been served, and under which nothing has been done, expire on the day to which they are made returnable. They no longer confer any authority; an attempt to act

under them is a nullity, and new writs are necessary, if the party wishes to proceed. Hence we have the alias writ, and others in numerical succession indefinitely.

It is now insisted, upon the authority of these cases, and of the language of the twenty-second section of the Judiciary Act, that the absence of the original writ in the case deprives this court of the power to decide it. It is said that, by force of the words " returned therewith," contained in this twenty-second section, it is made essential to our jurisdiction that the original writ and the transcript must both be returned.

If this be a sound construction, then it is equally necessary that there shall be returned, at the same time, an assignment of errors, a prayer for the reversal of the judgment, and a citation to the adverse party. But an examination of all the records of cases decided in this court will show that, in four cases out of five, there has been neither an assignment of errors, nor any prayer for reversal. We have also held, frequently, that if the appeal is taken in the open court, during the term at which it was rendered, in the presence of the appellee, no citation is necessary, and that a general appearance in this court for defendant in error, or in appeal, waives the necessity of a citation.

The act referred to also says, that all these things must be returned together at the " time and place mentioned in the writ," that is to say, on the first day of the term next after the issuing of the writ. Yet we have repeatedly held, that if returned on any day during that term, we will hear and decide the cause. It cannot, therefore, be maintained, that a rigid and literal fulfilment of everything prescribed in that section, is an absolute and indispensable requisite to the appellate jurisdiction of this court.

Nor does the case come within the principle which we have already stated as governing the cases of *Villabolos* v. *United States*, and *Castro* v. *United States*. In these cases the appeals were dismissed, because no returns of the transcripts to this court were made, until by analogy to the writ of error, the time for making such returns had passed:

and the writs, if writs had been issued, would have become *functus officio.* In the case before us, on the contrary, it fully appears that during the life of the writ, a good and sufficient return to it was made, by sending to this court an authenticated transcript of the record. Shall we now hold, because with this return there did not come the writ itself, that what has been done under it is void, and we are without jurisdiction? This would be contrary to the uniform practice of other courts in regard to their writs. For it is believed to be well settled, that rights acquired under a valid writ or process, while it was in force, cannot be defeated by the loss or destruction of the writ; if its existence, and the acts done under it, can be substantiated by other testimony. It is as reasonable to hold that a judge of this court would lose his right to sit in this place, if his commission was burned up, as to hold that the court loses the right to hear a case, because the writ was burned before it reached the court, but after it had effected its purpose, by bringing here the transcript.

In the case of *Brooks* v. *Norris,*\* the court, in speaking of bringing a writ of error within the time allowed by the statute of limitation, says: "The writ of error is not brought, in the legal meaning of the term, until it is filed in the court which rendered the judgment. It is the filing of the writ that removes the record from the inferior to the appellate court, and the period prescribed by the act of Congress must be calculated accordingly." In *Ableman* v. *Booth,*† the writ of error, which issued from this court, was filed with the clerk below. No return being made to it, a rule from this court was served on him by the marshal, to which he paid no attention. This court then, on motion of the Attorney-General, permitted him to file a copy of the record, duly authenticated, which had been secured for his private use; "to have the same effect and legal operation as if returned by the clerk with the writ of error;" and on this record the case was heard and decided, although the original writ of error was never returned.

---

\* 11 Howard, 204.                    † 21 Id. 506.

We are, therefore, of opinion, both on principle and authority, that the case should not be dismissed for the nonproduction of the writ of error. The cases dismissed under rule nine of this court, are governed by the rule, and raise no question of jurisdiction.

But it is said, that conceding the copy of the writ of error in the record to be a true copy, and to be rightfully substituted for the original, it is fatally defective, because it does not correctly describe the parties to the suit. The parties are correctly described in the writ as they must appear and be styled in this court, but we are not told by the writ who was plaintiff and who was defendant below. The full names of all the parties to the judgment below are given, and their relations to the suit as it stands in this court are given. We are also told, that the error (if any) committed by the District Court, was to the manifest injury of Simon Mussina, plaintiff in error. Is the writ then void because it does not say which of these parties was plaintiff in that court and which defendant?

We think that the description, although not in the usual or even the most appropriate form, is sufficient. If there is any doubt about the relation of the parties to the suit below, it can be solved by the record. Having that before us, we see that Mussina was defendant below, and is properly described as plaintiff in error in the new proceedings instituted by the writ, and that the others were plaintiffs below, and are also properly described as to their relations to the new proceeding which that writ commences.

But many cases have been dismissed by this court, because the writ of error described either plaintiff or defendant as "A. B., and others," or "A. B. & Co.," or other partnership style, or as "Heirs of C. D.," and such other descriptions as did not give the names of all the persons who were supposed to be brought before the court by the writ. Of late years these cases have simply been dismissed upon the authority of previously adjudged cases, without giving other reasons for so doing.

It is claimed that the case before us falls within this class, in the matter we are now considering. To determine if this be so, we must go back to the earlier of these cases to discover the principle on which they were decided.

Early in the history of the court it was ruled that unless all the parties in the court below, to a joint judgment or decree, were made parties in this court by the writ of error or by the appeal, the cause would not be entertained. This was first held as to judgment at law, in the case of *Williams* v. *Bank of United States*,\* and as to decrees in chancery, in the case of *Owings* v. *Kincannon*.† At the next term of the court after this last decision, we have the first of the class of cases to which we have alluded. It is the case of *Deneale* v. *Stump's Executors*.‡ The writ described the plaintiffs in error as "Mary Deneale and others," and the reasons given for dismissing it are two: 1st, that all the parties against whom the judgment was rendered must join in the .writ, which is not done by naming some of them merely as "others;" and, 2d, that the names should be set forth, that this court might render the proper judgment in the case. The opinions in the three cases last cited were delivered by C. J. Marshall.

The next of this class of cases is that of *Wilson's Heirs* v. *The Insurance Company*,§ in which the court holds that a writ in the name of the "Heirs of Nicholas Wilson," must be dismissed. The court simply says, that this is done on the authority of *Owings* v. *Kincannon*, and of *Deneale* v. *Stump's Executors*. The subsequent cases are all based on the authority of these decisions. In all of them it appeared by the writ that there were parties to the judgment below, not personally named in the writ. But an examination of this writ of error raises no such presumption. Nor can the court be at any loss from this writ, to properly name the party or parties for and against whom it will render its judgment, when it has decided the merits of the controversy.

The present case, therefore, does not fall within the prin-

---

\* 11 Wheaton, 414.    † 7 Peters, 399.    ‡ 8 Id. 526.    § 12 Id. 140.

ciple of any of the numerous cases cited by counsel, or of others examined by the court.

MOTION OVERRULED.

## NOTE.

This case came on afterwards to be argued on its merits, and was elaborately so argued by the same counsel who had argued the motion to dismiss; but it being discovered by the court that the bill of exceptions, which occupied seven-tenths of a closely-printed record of 522 pages, had not been either signed or sealed by the judge below—

Mr. Justice SWAYNE delivered the following opinion of the court.

Whatever might be our opinion of the exceptions which appear in the record, if they were presented in such a way that we could consider them, we find them beyond our reach. The bill of exceptions, or what purports to be a bill of exceptions, covering more than three hundred and fifty pages of the printed record, is neither signed nor sealed by the judge who tried the case; and there is nothing which shows that it was submitted to him or in any way received his sanction.

We are therefore constrained to affirm the judgment, and it is                 AFFIRMED ACCORDINGLY.