## CUMMINGS v. JONES.

The judgment of a State court cannot be re-examined here unless, within two years after it was rendered, a writ of error be brought.

MOTION to dismiss a writ of error to the Supreme Court of the State of Louisiana.

The facts are stated in the opinion of the court.

*Mr. Charles W. Hornor* in support of the motion.
*Mr. Samuel Field Phillips, contra.*

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This is a writ of error to the Supreme Court of Louisiana, brought more than two but less than five years after the judgment to be reviewed was rendered, and one of the questions raised on this motion is whether the limitation of two years prescribed by sect. 1008 of the Revised Statutes, for bringing writs of error to the Circuit and District Courts, applies to writs of error to State courts. We have no hesitation in saying it does. Sect. 1003 provides that " writs of error from the Supreme Court to a State court, in cases authorized by law, shall be issued in the same manner, and under the same regulations, and shall have the same effect, as if the judgment or decree complained of had been rendered or passed in a court of the United States." This is almost the exact language of a similar provision in the twenty-fifth section of the Judiciary Act of 1789, and we are not aware it was ever supposed that writs issued to the State court under that section were not subject to the limitation prescribed for writs to the Circuit Courts by the twenty-second section. In *Brooks* v. *Norris* (11 How. 204), this seems to have been assumed, and a writ to a State court was dismissed " on the ground that it is barred by the limitation of time prescribed by the act of Congress." There was at that time no other limitation than the one contained in the twenty-second section.

Inasmuch as the writ was not brought within two years after the judgment complained of was rendered, the motion is

*Granted.*