## SCARBOROUGH *v.* PARGOUD.

IN ERROR TO THE SUPREME COURT OF THE STATE OF LOUISIANA.

Decided May 7th, 1883.

*Limitations.*

No judgment or decree of a State court can be reviewed in this court unless the writ of error is filed in the court which rendered the judgment within two years from the entry of the judgment.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

The final decree in this case was rendered on the 13th of July, 1878, and while the writ of error was allowed by the Chief Justice of the Supreme Court of Louisiana, and a bond approved and citation signed on the 5th of July, 1880, the writ of error was not actually issued until the 14th, and the copy was not lodged in the clerk's office until the 16th of that month.

No judgment or decree of a State court can be reviewed in this court unless the writ of error is brought within two years after the entry of the judgment. Rev. Stats. § 1008;

*Cummings* v. *Jones*, 104 U. S. 419. In *Brooks* v. *Norris*, 11 How. 204, it was decided, Chief Justice Taney speaking for the court, that " the writ of error is not brought, in the legal meaning of the term, until it is filed in the court which rendered the judgment. It is the filing of the writ that removes the record from the inferior to the appellate court, and the period of limitation prescribed by the act of Congress must be calculated accordingly." This case is cited with approval in *Mussina* v. *Cavazos*, 6 Wall. 355.

It follows that the writ of error in this case was not brought within the time limited by law, and we have consequently no jurisdiction. For that reason

*The writ is dismissed.*