## UNITED STATES v. BAXTER.

*(Circuit Court of Appeals, Eighth Circuit. August 9, 1892.)*

#### No. 113.

WRIT OF ERROR—TIME OF SUING OUT WRIT.
   When a writ of error from the circuit court of appeals is allowed within the six months fixed by the statute, (26 St. at Large, p. 826, § 11,) but is not actually issued by the clerk until after the expiration thereof, it will be dismissed, for, in the legal sense, a writ of error is not brought until it is filed in the court below.

In Error to the Circuit Court of the United States for the District of Minnesota.

Action by George N. Baxter against the United States to recover moneys claimed to be due him as district attorney. Judgment for plaintiff. Both parties bring error. Plaintiff moves to dismiss defendant's writ of error. Dismissed.

*George N. Baxter,* for the motion.

*Eugene G. Hay,* opposed.

Before CALDWELL and SANBORN, Circuit Judges, and SHIRAS, District Judge.

SANBORN, Circuit Judge, delivered the opinion of the court.

The judgment in this case was rendered August 31, 1891; and while the writ of error was allowed by the acting circuit judge, February 8, 1892, it was, without fault of the district attorney, not actually issued until after March 6, 1892.

No judgment or decree of the circuit court can be reviewed in this court upon writ of error unless the writ is sued out within six months after the entry of the judgment. 26 St. U. S. p. 826, § 11. In *Brooks* v. *Norris,* 11 How. 207, the supreme court, speaking by Chief Justice TANEY, said:

"The writ of error is not brought, in the legal meaning of the term, until it is filed in the court which rendered the judgment. It is the filing of the writ which removes the record from the inferior to the appellate court, and the period of limitation must be calculated accordingly."

And in *Scarborough* v. *Pargoud,* 108 U. S. 567, 2 Sup. Ct. Rep. 877, that court expressly decided the very question presented in this case, and held that where the writ was allowed by the judge, but was not actually issued by the clerk within the time limited for suing it out, the writ must be dismissed. *Cummings* v. *Jones,* 104 U. S. 419; *Mussina* v. *Cavazos,* 6 Wall. 355, 360. It follows that the writ of error in this case was not brought within the time limited by law, and this court is without jurisdiction. For this reason the writ is dismissed.