## UNION PAC. RY. CO. v. COLORADO EASTERN RY. CO.

(Circuit Court of Appeals, Eighth Circuit. February 6, 1893.)

No. 145.

1. APPEAL—TIME OF TAKING—CIRCUIT COURT OF APPEALS.
    The United States circuit court of appeals has no jurisdiction in a case where more than six months intervene between the entry of judgment and the day on which the writ of error is sued out. U. S. v. Baxter, 51 Fed. Rep. 624, 2 C. C. A. 410, followed.

2. SAME—ASSIGNMENT OF ERRORS—TIME OF FILING.
    The eleventh rule of the circuit court of appeals for the eighth circuit, requiring an assignment of errors to be filed with the petition for the writ of error or appeal, is mandatory. U. S. v. Goodrich, 54 Fed. Rep. 21, followed.

In Error to the Circuit Court of the United States for the District of Colorado.

Proceeding by the Colorado Eastern Railway Company against the Union Pacific Railway Company for the condemnation of certain land. Judgment for plaintiff. 41 Fed. Rep. 293. Defendant brings error. Writ of error dismissed.

John M. Thurston, Willard Teller, and H. M. Orahood, (E. B. Morgan, on the brief,) for plaintiff in error.

L. M. Cuthbert, for defendant in error.

Before CALDWELL and SANBORN, Circuit Judges, and SHIRAS, District Judge.

SANBORN, Circuit Judge. The judgment in this case was rendered on November 23, 1891. The writ of error was sued out on June 14, 1892. This court has no jurisdiction of this case, since more than six months intervened between the entry of the judgment and the day on which the writ of error was sued out. U. S. v. Baxter, 51 Fed. Rep. 624, 2 C. C. A. 410; Brooks v. Norris, 11 How. 207;

Scarborough v. Pargoud, 108 U. S. 567, 2 Sup. Ct. Rep. 877; Cummings v. Jones, 104 U. S. 419; Mussina v. Cavazos, 6 Wall. 355, 360. Moreover, the assignment of errors was not filed until June 11, 1892, which was more than six months after the judgment was rendered. U. S. v. Goodrich, 54 Fed. Rep. 21, (decided this day.) The writ of error is accordingly dismissed.