## HARDESTY v. HOSMER.

APPELLATE PRACTICE; RECORD ON APPEAL.

1. When a transcript of the record of a case on appeal in this court in incomplete, owing to the loss of certain original papers in the court below, leave will not be granted the appellant by this court to file copies of the lost papers.
2. In such a case the object of the appellant may be attained by a motion to remand the transcript to the court below in order that proceedings may be taken to restore or to supply such lost papers under the provisions of R. S. U. S., Secs. 899, 900, 902, and 1 Supp. R. S. 211.
3. To support such a motion it must be shown that due diligence has been exercised to discover such papers or to supply their loss.

No. 324. Submitted May 7, 1894. Decided October 5, 1894.

Motion by appellant for leave to file copies of certain papers, the originals of which were alleged to have been lost after having been filed in the court below. *Denied.*

The FACTS are sufficiently stated in the opinion.

*Mr. Robt. B. Lines* for the motion.

*Mr. Nathaniel Wilson, contra.*

Mr. Chief Justice ALVEY delivered the opinion of the Court:

In this case there has been a motion made by the appellant, Ophelia A. Hardesty, for leave to file a copy of the bill and of the exhibits, the originals of which, it is alleged, were filed in the court below, but which originals, as charged in the motion, have been lost, and therefore could not be copied in the transcript sent up to this court. But to allow the alleged copies of the original papers to be brought in and filed in this court, in the manner proposed, would make what would purport to be the transcript of the record in the court below, quite a different record here from that actually existing in the court below, and the record here would not

be a transcript verified by the certificate of the clerk and seal of that court. The transcript to be received here must be a true and duly authenticated transcript of the record as it exists in the court below. The motion, therefore, must be denied.

The cases referred to and relied upon in support of the motion furnish no warrant for an application like the present.

In the case of *Ableman* v. *Booth*, 21 How. 506, one of the cases relied on, after the writ of error was allowed, and filed with the clerk of the court below, and obedience thereto refused, and the transcript withheld, the Attorney General of the United States moved the Supreme Court of the United States for leave to file the certified copy of the record of the Supreme Court of Wisconsin, which he had procured and produced with his application for the writ of error, and to have the case docketed thereon; and the court ordered the certified copy of the record to be received, and to be entered on the docket of the court, to have the same effect and legal operation as if returned by the clerk of the State Supreme Court with the writ of error. This, clearly, furnishes no precedent for the present application.

In the case of *The Grapeshot*, 7 Wall., 563, another case referred to, an alleged defect in the transcript before the court was urged as ground for dismissing the appeal; and the question was as to the nature of the evidence that would be received to show the defect or the fact of omission of papers, in support of the motion to dismiss. The court held that the fact of loss and omission of the papers could not be shown by the certificate of the clerk, but should be shown by affidavit, and the motion to dismiss was overruled. There was no attempt made to substitute unauthenticated copies in the Supreme Court for original papers that had been filed in the court below.

The other case referred to, reported in 6 Wall. 355, has no application whatever to this case.

The object of the appellant in this motion might, possibly, have been attained by a motion to remand the transcript to the court below to the end that proceedings might be taken to restore or to supply such lost papers or proceedings, under the provisions of the statute (Rev. Stat. U. S., Secs. 899, 900, 902, and 1 Supp. Rev. Stat., 211); but no such motion has been made; and if it had been made, it could have been granted only upon showing that due diligence had been exercised in efforts to discover the missing papers, or to supply their loss. See *Phillips* v. *Moore*, 100 U. S. 208.

There is also a motion made by the appellant to have removed from the files of this court the affidavit of one of the appellees, filed in response to an affidavit filed in support of the motion for leave to supply missing papers. Both affidavits are of a character that ought not to have been filed. They contain much that is wholly irrelevant to the motion, consisting of references to prior and different proceedings and of personal imputations, and which in no manner furnish grounds for granting or refusing the motion for leave to supply the missing papers. And as we deny the principal motion, we shall direct the clerk of this court to return to the parties the affidavits filed by them, as being improper and objectionable in their character—the clerk first erasing therefrom his entries and file marks.