# CASES

## ARGUED AND DETERMINED

### IN THE

# UNITED STATES CIRCUIT COURTS OF APPEALS AND THE CIRCUIT AND DISTRICT COURTS.

THREADGILL v. PLATT et al.

(Circuit Court, W. D. Virginia. December 26, 1895.)

1. WRIT OF ERROR—TIME FOR ALLOWANCE—JURISDICTION OF CIRCUIT COURTS OF APPEALS.

The six months within which a writ of error from the circuit court of appeals to review a judgment at law may be sued out (26 Stat. 829, § 11) must be computed from the date of entering the judgment, and not from the end of the term. To give the appellate court jurisdiction, the writ must be actually sued out and filed in the court below within that time; and, if this be not done, it is of no avail that an intention to obtain review was fully disclosed at the trial, or that the court was held open to the legal end of the term, to allow time for preparing a bill of exceptions.

2. SAME—ISSUANCE OF WRIT—POWERS OF JUDGE.

A writ of error to review a judgment at law in the circuit court of appeals issues from that court; and a judge, in passing upon an application for the writ, must exercise the powers of that court, and is bound by its limitations. He cannot, therefore, issue the writ after the expiration of the time limited by law.

This was an action at law by F. M. Threadgill against Thomas C. Platt, president of the United States Express Company, and others. There was judgment for plaintiff, and defendants now seek to perfect their right to a writ of error.

Kirkpatrick & Blackford, for plaintiff.

Tracy. Boardman & Platt, Jas. Bumgardner, Jr., and Bev. T. Crump, for defendants.

SIMONTON, Circuit Judge. The defendants in this case seek to perfect their appeal from the judgment of this court to the circuit court of appeals. This was an action at law, tried before a judge with a jury. The jury found a verdict for the plaintiff on 27th April, 1895. The trial had consumed several days, nearly a week. The testimony, taken by a stenographer, was voluminous. Many witnesses were examined. Very many exceptions were taken and noted during the progress of the cause. The defendants, among other things, had requested the court, at the close of the plaintiff's case, to instruct the jury to find a verdict in their favor. A similar motion was made when all the testimony was in. These motions were severally refused, and exceptions were taken and noted. It became clear, therefore, that, if the defendants desired a review of the case in the appellate court, much time was needed for formulating the exceptions taken at the trial, and for the preparation of the assign-

v.71F.no.1—1

ments of error; all of which, under the practice, must be prepared anterior to, and must be presented with, the petition for the writ of error and citation.   The counsel for the defendants expressed in open court their desire to carry the case up.   For these reasons, the court stayed execution upon the judgment for 60 days, the period limited for allowing a supersedeas, and gave the defendants 30 days within which to formulate the exceptions taken during the progress of the case; and as the juries were about to be discharged, and the active business of the court to cease, as a further precaution the trial judge did not adjourn sine die, but kept the court open to the end of the term (September 9th); so that, in any event, the exceptions could be formulated before final adjournment.[1]   No order was made delaying the entry of judgment.   This plaintiff did on 27th day of April, 1895.   No formulated exceptions were presented to the trial judge until 26th day of September, 1895, when they were at once signed and sent to the clerk to be filed.   They were filed on 28th day of September, 1895.   No petition for a writ of error and no assignments of error were presented.   No bond of any kind, either for costs or for supersedeas, has been tendered.   No citation has been issued.   During the session of the circuit court of appeals at Richmond, in November last, counsel for both parties appeared before the trial judge at chambers, on 13th November, 1895; and some discussion was had as to the proper time within which the writ of error should have been applied for in this cause.   This discussion was continued, and counsel were allowed until 15th December, 1895, to submit briefs on the whole question.   The briefs have been submitted.

This is a case at law.   It cannot be reviewed in the appellate court but on writ of error.   Without a writ of error the appellate court cannot take jurisdiction of the cause.   Mussina v. Cavazos, 6 Wall. 358; Chase v. U. S., 155 U. S. 489, 15 Sup. Ct. 174; Stevens v. Clark, 10 C. C. A. 379, 62 Fed. 321.   A party seeking a writ of error must first enter into bond with surety to prosecute his writ or appeal to effect.   Rev. St. U. S. § 1000.   The practice prescribed by the circuit court of appeals of the Fourth circuit requires the party who seeks a writ of error to do so by petition, accompanied by an assignment of errors.   Insurance Co. v. Conoley, 11 C. C. A. 116, 63 Fed. 180.   No citation can issue until the writ is allowed; so this is a condition precedent to the issue of the citation.   Section 1000. Now, "no appeal or writ of error by which any order, judgment or

[1] This day [April 27, 1895] again came the parties, by their respective counsel, and the jury sworn on Tuesday last to try the issue in this case also appeared in court in pursuance of their adjournment on yesterday, and having fully heard the evidence, and received the instructions of the court, and heard the argument of the counsel, were sent to their room, and, after the lapse of some time, returned into court, and rendered their verdict as follows, to wit: "We, the jury, find for the plaintiff, and assess his damages at the sum of fifty-four thousand three hundred and seventy-one dollars, with interest thereon from the 27th day of April, 1894.   R. L. Burks, Foreman." Whereupon the defendants, by their attorneys, moved the court to set aside the said verdict, as contrary to the law and the evidence, which motion the court overruled; and the defendants, by their attorneys, excepted to the said ruling of the court.   And it is considered by the court that the plaintiff recover of the defendants the said sum of $54,371, his damages assessed as aforesaid, with interest thereon, to be computed at the rate of 6 per centum per annum till payment, from the 27th day of April, 1894, and his costs by him about this case in this behalf expended.   And upon motion of the defendants, by their counsel, execution upon the said judgment is suspended for the term of 60 days from this date, in order that they may have time to perfect an appeal in their behalf to the circuit court of appeals for the fourth judicial circuit; and upon their further motion, by their said attorneys, the term of 30 days from this date is allowed them to formulate such appeal, and the further term of 10 days thereafter is allowed the plaintiff for the purpose of offering amendments to the same, if any he shall have to offer.   It is ordered that this court be not adjourned without day, but that it remain open for the transaction of business from day to day until the next regular term thereof.

decree may be reviewed in the circuit court of appeals shall be taken or sued out except within six months after the entry of the order, judgment or decree sought to be reviewed." 26 Stat. 829, § 11. The cases speak with no uncertain voice as to the practice in these cases. "The United States circuit court of appeals has no jurisdiction in a case where more than six months intervene between the entry of judgment and the day on which the writ of error is sued out." U. S. v. Baxter, 2 C. C. A. 410, 51 Fed. 624, 10 U. S. App. 241; Union Pac. Ry. Co. v. Colorado, etc., Ry. Co., 4 C. C. A. 161, 54 Fed. 22; Stevens v. Clark, 10 C. C. A. 379, 62 Fed. 321; Coullette v. Thomason, 1 C. C. A. 675, 50 Fed. 787. When a writ of error from the circuit court of appeals is allowed within the six months, but is not actually issued by the clerk until after the expiration thereof, it will be dismissed, for, in a legal sense, the writ of error is not brought until it is filed in the court below. U. S. v. Baxter, supra; Scarborough v. Pargoud, 108 U. S. 567, 2 Sup. Ct. 877. To give the appellate court jurisdiction of a writ of error, the writ must be sued and filed in the court below within the time prescribed by law, and this requirement cannot be waived by the parties. Stevens v. Clark, 10 C. C. A. 379, 62 Fed. 321.

In this case but one step has been taken towards perfecting the appeal. There is no petition, nor bond, nor assignment of errors. Each of these is indispensable. More than six months has elapsed since the entry of judgment. Counsel for defendants say that the six months do not begin to run until the rising of the court. But the act says that the time is computed from the entry of the judgment. The order suspending the execution, and allowing time for formulating exceptions, clearly contemplated entry of judgment forthwith, for the execution could not be issued, and therefore could not be suspended, until judgment entered, nor could a writ of error lie except from final judgment.

It is contended that the purpose of obtaining a review of this case in the appellate court was fully developed at the trial; that the action of the court was equivalent to the allowance of an appeal by way of writ of error. This might dispense with the citation (Phil. U. S. Prac. 116), but it could not dispense with the other steps which the act of congress and the rules of court make essential to the removal of the case to the appellate court.

It has been earnestly pressed on the court that it should grant the writ of error, and that the circuit court of appeals could decide whether it was providently granted. But the writ of error does not issue from this court. It issues from the circuit court of appeals. "It is in form and in fact the process of that court, directed to the judges of the circuit court, commanding them to return with said writ into the appellate court, a transcript of the record of the case mentioned in the writ." Mussina v. Cavazos, 6 Wall. 358. In granting the writ, therefore, the judge to whom it is presented must exercise the power of the circuit court of appeals, and is bound by its limitations. That court cannot entertain a writ of error until it is filed in the court which rendered the judgment. Brooks v. Norris, 11 How. 204; Scarborough v. Pargoud, 108 U. S. 567, 2 Sup. Ct. 877. To give the circuit court of appeals jurisdiction, the writ of error

must be issued and filed by the court below within the time prescribed by law. Stevens v. Clark, supra. Even if it be allowed within the six months, if it be not actually issued until after the expiration of the six months, the appellate court has no jurisdiction. U. S. v. Baxter, supra. It is clear, therefore, that all the necessary steps must be actually taken. It is not sufficient to say that they will be taken. Take the case at bar. Instead of requiring counsel to formulate their bill of exceptions before the jury retired, they were given 30 days to do so; and, in order that they should have ample margin to be free from embarrassment in preparing a supersedeas bond, the execution was stayed 60 days. This order was signed April 27, 1895. The bill of exceptions was not prepared and presented until 28th September, 1895. The petition and bond have not been filed or presented, even at this late day. It is too late now to perfect the appeal or to obtain a writ of error. It is so ordered.