## OLD NICK WILLIAMS CO. v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit. April 12, 1907.)

No. 709.

1. CRIMINAL LAW—WRIT OF ERROR—TIME OF TAKING EXTENSION.

The six months granted by Act Cong. March 3, 1891, c. 517, § 11, 26 Stat. 829 [U. S. Comp. St. 1901. p. 552], within which a writ of error may be taken in a criminal case, cannot be extended.

2. SAME—COMMENCEMENT OF PERIOD.

The time within which accused may sue out a writ of error begins to run from the date judgment was entered.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Criminal Law, § 2697.]

3. SAME—ASSIGNMENT OF ERROR—BILL OF EXCEPTIONS.
   Rev. St. § 997 [U. S. Comp. St. 1901, p. 712], providing that an assignment of errors shall be annexed to and returned with a writ of error, does not necessitate the settlement of a bill of exceptions prior to the filing of the writ and the assignment of errors.

4. SAME—EFFECT—TIME.
   A writ of error sued out by accused does not become effective until deposited with the clerk of the trial court.

5. SAME—ENLARGEMENT OF TIME.
   Where a writ of error sued out by accused is filed in time, the time for · complying with it may be enlarged by proper orders.

6. SAME—NUNC PRO TUNC ORDER.
   Where delay in suing out a writ of error was the act of accused, it could not be cured by a nunc pro tunc order.

In Error to the District Court of the United States for the Western District of North Carolina, at Greensboro. ·

On motion to dismiss.

Charles A. Moore and William P. Bynum, Jr. (E. T. Cansler, Thomas Settle, and J. E. Alexander, on the brief), for plaintiff in error.

A. E. Holton, U. S. Atty.

Before PRITCHARD, Circuit Judge, and MORRIS and DAYTON, District Judges.

MORRIS, District Judge. This is a motion to dismiss the writ of error because not sued out within six months after the entry of the judgment.

It arises in the case of an indictment against the Old Nick Williams Company, a corporation which was authorized to carry on the business of a rectifier, and which by the verdict of a jury was convicted of violating the second paragraph of section 3317 of the Revised Statutes [U. S. Comp. St. 1901, p. 2164], being found guilty of carrying on the business of a rectifier with intent to defraud the United States of the tax on the spirits rectified by it. On November 28, 1905, the jury rendered its verdict, and on the same day the defendant moved in arrest of judgment, which motion was overruled. The defendant then moved to set aside the verdict and for a new trial, which motion was also overruled. The attorney for the United States then prayed the judgment of the court, and on the same day, November 28, 1905, the court entered its judgment by which it sentenced the defendant to pay a fine of $5,000 and be taxed with the costs. ·

It thus appears from the record that the judgment was entered November 28, 1905. On the same day it was ordered that the defendant have ninety days to prepare its bill of exceptions and that the attorney for the United States have 30 days after being served with the defendant's bill of exceptions to prepare any objections thereto, and that the court would settle the bill of exceptions upon 10 days' notice to the attorneys of the parties, and, when filed, the bill of exceptions should be deemed as made in apt time. Afterwards, January 17, 1906, by consent of the parties, the court by its order further extended the time for preparing and filing the defendant's bill of exceptions to

March 15, 1906, and afterwards, in like manner, the time was extended to April 1, 1906. On July 27, 1906, the court over the objection and protest of the attorney for the United States made an order which recited that the defendant had filed with the clerk its bill of exceptions to which the attorney for the United States had filed certain objections and proposed amendments, so that the bill of exceptions had not been settled and signed by the court within six months from the date of the entry of the judgment, and, the court being of opinion that the defendant was entitled under the circumstances to have the bill of exceptions settled and a writ of error and citation issued and served nunc pro tunc as within the time required by law to procure a review of the judgment, the said order of the court directed that the attorneys should appear before him at Greensboro on August 7, 1906, to have the bill of exceptions settled and signed by the court, and further ordered that, when the bill of exceptions was settled and signed and after a petition for a writ of error and assignments of error had been filed by the defendant, a writ of error and citation in due form should be issued and served, all to bear date as of the 15th April, 1906, said date being the date on which the defendant filed its proposed bill of exceptions with the clerk and which was within six months from the entry of the judgment. Thereafter, on September 12, 1906, the defendant having presented its petition for the allowance of the writ of error and its assignment of errors, the court signed an order allowing the writ of error, and directed that the writ of error and citation when issued bear date April 15, 1906, as theretofore ordered by the court. Thereupon the writ of error was issued on September 12, 1906, as of April 15, 1906, as ordered by the trial judge. The attorney for the United States now moves to dismiss the writ of error because not sued out within six months after the entry of the judgment.

The statute restricting the time for writs of error in such cases is section 11, Act Cong. March 3, 1891, c. 517, 26 Stat. 829 [U. S. Comp. St. 1901, p. 552], and reads:

"Sec. 11. That no appeal or writ of error by which any order, judgment or decree may be reviewed in the Circuit Court of Appeals, under the provisions of this act, shall be taken or sued out except within six months after the entry of the order, judgment or decree sought to be reviewed."

It has been so frequently and so uniformly decided that the limit of time after the entry of the judgment for the issuing of writs of error admits of no extension that the rule is now firmly established.

In Brooks v. Norris, 11 How. 204, 13 L. Ed. 665, the Supreme Court said:

"The writ of error is not brought in the legal meaning of the term until it is filed in the court which rendered the judgment. It is the filing of the writ that removes the record from the inferior to the appellate court, and the period of limitation prescribed by the act of Congress must be calculated accordingly. The day on which the writ may have been issued by the clerk or the day on which it is tested are not material in deciding the question."

In Polleys v. Black River Co., 113 U. S. 81, 5 Sup. Ct. 369, 28 L. Ed 938, it was held that the plaintiff in error had a right to his writ

on the day the judgment was entered and on that day the time within which his right existed began to run. Scarborough v. Pargoud, 108 U. S. 567, 2 Sup. Ct. 877, 27 L. Ed. 824; U. S. v. Baxter, 51 Fed. 624, 2 C. C. A. 410.; Stevens v. Clark, 62 Fed. 321, 10 C. C. A. 379.

In Credit Co. v. Ark. Cent. Ry., 128 U. S. 258–261, 9 Sup. Ct. 107, 32 L. Ed. 448, it was held that, although the appeal had been allowed and the bond for costs approved and the citation signed by a Supreme Court justice within the time prescribed by law, yet because the papers were not filed with the clerk until five days after the time expired, the appeal was too late. The court said:

"The attempt made in this case to anticipate the actual time of presenting and filing the appeal by entering an order nunc pro tunc does not help the case. When the time for taking an appeal has expired, it cannot be arrested or called back by a simple order of court. If it could be, the law which limits the time within which an appeal can be taken would be a dead letter."

In Farrar v. Churchill, 135 U. S. 609, 10 Sup. Ct. 771, 34 L. Ed. 246, it was held that a cross-appeal in equity, like other appeals, must be entered within the time limited, calculating from the date of the decree, and because in that case the petition, order, and bond were not filed in the Circuit Court until after the lapse of two years from the entry of the decree the cross-appeal was dismissed. It was held in the same case that the failure to file an assignment of errors, although required by the act of Congress and the rule of court, was not jurisdictional, and might be waived. City of Waxahachie v. Coler, 92 Fed. 284, 34 C. C. A. 349; City of Wilmington v. Ricaud, 90 Fed. 212, 32 C. C. A. 578; Threadgill v. Platt (C. C.) 71 Fed. 1.

In the present case reliance is placed by the plaintiff in error upon the alleged fact that the delay in settling the bill of exceptions was not the fault of the plaintiff in error, but was attributable to the judicial engagements of the trial judge, and it is argued that, until the bill of exceptions was settled, counsel for the plaintiff in error could not intelligently prepare the assignment of errors which should accompany the petition for a writ of error. Rev. St. § 997 [U. S. Comp. St. 1901, p. 712]. But it is not a fact that the assignment of errors requires the previous settlement of the bill of exceptions. The exceptions are noted during the progress of the trial, and are known to the counsel for the plaintiff in error, and this notation is, in fact, the basis upon which the bills of exceptions are prepared. The assignment of errors can be formulated before the settling at length of the formal bills of exception. It does not follow, because Rev. St. § 997, provides that there shall be annexed to and returned with the writ of error an assignment of errors, that the bill of exceptions must be first settled. The bill of exceptions must be settled as provided for by the rules and practice of the court, or the time may be enlarged by orders of court specially entered in particular cases. In the case of Waldron v. Waldron, 156 U. S. 361, 15 Sup. Ct. 383, 39 L. Ed. 453, the judgment was entered July 10, 1890, and the writ of error was dated July 15, 1890, but the bill of exceptions by consent of the parties was not settled during the term, and because of subsequent delays was not settled until February, 1891, yet the Supreme Court held it to be in time because done by an agreement of the parties made during the term.

But this is not so with regard to writs of error. The writ of error is the writ of the appellate court addressed to the judge of the trial court, directing him to send the record and proceedings in the case to the appellate court, and, when deposited with the clerk of the trial court, it is served, but not before. After the writ is so filed, the time for complying with it may, by proper orders, be enlarged. Missina v. Cavazos, 6 Wall. 355, 18 L. Ed. 810. "A writ of error is the process of this court, and it is issued therefore only upon our authority." Brown v. McConnell, 124 U. S. 489, 490, 8 Sup. Ct. 559, 31 L. Ed. 495. In School District v. Hall, 106 U. S. 428, 1 Sup. Ct. 417, 27 L. Ed. 237, it was held that a writ of error will not be dismissed as for want of jurisdiction by reason of a failure to return therewith an assignment of errors. The assignment of errors is not a jurisdictional requirement, although it is true that by rule 11 (90 Fed. cxlvi, 31 C. C. A. cxlvi) errors not assigned will be disregarded, still the court may at its option notice a plain error not assigned or specified.

It appears to us that the delay in the present case in taking out the writ of error was not the act of the court, but of the p'aintiff in error (Sage v. Central R. R. Co., 93 U. S. 412–417, 23 L. Ed. 933), and in such a case a nunc pro tunc order cannot be made effectual. The case of Kingman v. Western Mfg. Co., 170 U. S. 675, 18 Sup. Ct. 786, 42 L. Ed. 1192, cited by the plaintiff in error, is merely to the effect that in a case where a motion for a new trial is pending the limitation of time does not begin to run until the motion for new trial has been overruled, for the reason that until the court has acted on the motion for a new trial, filed in due time, the judgment is not final, but is still under the control of the trial court and not ripe for invoking the jurisdiction of the appellate court. The case of In re Chateaugay Ore & Iron Co., 128 U. S. 544, 9 Sup. Ct. 150, 32 L. Ed. 508, also cited by the plaintiff in error, treats only of the time within which a bill of exceptions may be properly settled and not of writs of error.

We feel ourselves reluctantly constrained to hold that we are without jurisdiction to examine the alleged errors, for the reason that the writ of error was not sued out within six months from the entry of the judgment.

Writ of error dismissed.