### GREYERBIEHL v. HUGHES ELECTRIC CO. *

(Circuit Court of Appeals, Eighth Circuit. December 3, 1923.)

No. 231.

1. **Appeal and error ⬅⟹5—Question of jurisdiction to make order vacating judgment and verdict and granting new trial reviewable on writ of error.**

Question of jurisdiction of District Court to make order vacating verdict and judgment and granting a new trial is reviewable by Circuit Court of Appeals on writ of error.

2. **Courts ⬅⟹405(14)—Filing of writ of error, and not granting of writ, gives Circuit Court of Appeals jurisdiction.**

It is the filing of the writ of error in the court below which gives the Circuit Court of Appeals jurisdiction, and not the order granting the writ.

3. **Courts ⬅⟹405(1)—Question of jurisdiction to make order vacating judgment and granting new trial held reviewable on certiorari, where failure to file writ of error was without fault of petitioner.**

Where plaintiff within the required time petitioned for writ of error to review question of jurisdiction of court to make order vacating verdict and judgment and granting a new trial, but through no fault of the plaintiff no writ of error was filed, though question was reviewable on writ of error, the Circuit Court of Appeals had jurisdiction to review the question on writ of certiorari, under Judicial Code, § 262 (Comp. St. § 1239).

4. **Judgment ⬅⟹341—Subject to exceptions federal District Courts have control over judgments during term only.**

Subject to exceptions, federal District Courts have control over their own judgments during the term at which they are entered which control ceases with the expiration of the term.

5. **New trial ⬅⟹155—Motion for new trial, filed during term, may be decided subsequent to term.**

If a motion for a new trial is filed during the judgment term, the motion may be decided and the judgment controlled subsequent to the term.

6. **Exceptions, bill of ⬅⟹40(4)—New trial ⬅⟹118—Term may be extended for purpose of new trial and settlement of bill of exceptions.**

For the purpose of making a motion for a new trial and settling a bill of exceptions, the term at which a judgment is entered may be extended by general rule or special order, but an extension order cannot itself be made after the judgment term and after a former extension period have both expired.

---

⬅⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
*Certiorari denied 44 Sup. Ct. —, 68 L. Ed. —.

7. **Exceptions, bill of** ⚜⟶40(4)—**New trial** ⚜⟶117(3)—**Court cannot entertain motion for new trial or settle bill of exceptions after expiration of term or extended period.**

The court cannot entertain a motion for a new trial or for settling a bill of exceptions, first made after the expiration of the term and of the extension period fixed by general rule of court or by special order.

8. **Exceptions, bill of** ⚜⟶42—**New trial** ⚜⟶121—**Consent of counsel after expiration of term or extended period cannot confer jurisdiction to entertain motion for new trial or to settle bill of exceptions.**

Consent of counsel, given during the judgment term or during a valid extension thereof, that the court may hear motion for new trial or settle bill of exceptions within a specified period, will enable the court lawfully during such extension period to perform those acts; but consent of counsel after the expiration of the term, and after the expiration of a valid extension period, cannot confer jurisdiction on the court to entertain a motion for a new trial or to settle a bill of exceptions.

Certiorari to the District Court of the United States for the District of North Dakota; Joseph W. Woodrough, Judge.

Action by Lena Greyerbiehl against the Hughes Electric Company. Judgment was rendered for the plaintiff, and to review an order vacating the judgment and verdict, and granting a new trial, plaintiff brings certiorari. Remanded, with instructions.

F. E. McCurdy, of Bismarck, N. D. (Knauf & Knauf, of Jamestown, N. D., on the brief), for petitioner.

Herbert G. Nilles, of Fargo, N. D. (Newton, Dullam & Young, of Bismarck, N. D., and Lawrence, Murphy & Nilles, of Fargo, N. D., on the brief), for respondent.

Before SANBORN, Circuit Judge, and BOOTH and FARIS, District Judges.

BOOTH, District Judge. By writ of certiorari issued from this court, petitioner, plaintiff below, challenges the jurisdiction of the District Court for the District of North Dakota to make an order, dated March 27, 1922, vacating the verdict and judgment and granting a new trial in a cause therein pending between the parties hereto. The chronology of the case is important to a correct understanding of the questions before this court.

Trial of the case was had at the regular March, 1920, term, and verdict and judgment entered December 23, 1920. Stay of 42 days was granted "within which to move for a new trial, settle a bill of exceptions, and take such other steps as may be advisable." January 31, 1921. a stipulation by attorneys extended the stay until March 31, 1921, and on February 28, 1921, an order of court extended the stay in accordance with the stipulation. February 28, 1921, the court adjourned the March, 1920, term, and on March 1, 1921, a new term of court was convened. The March, 1920, term, was not extended by any rule or order of the court. March 23, 1921, a stipulation of attorneys extended the time until June 1, 1921, and on April 9, 1921, an order of court extended the time in accordance with this stipulation. On May 26, 1921, a stipulation by attorneys extended the time until June 15, 1921, and on June 7, 1921, an order of court extended the time until June

30th. An application bearing date June 14, 1921, for leave to file a motion for a new trial was granted by order dated June 23, 1921, and by the same order proceedings were stayed *"until after the hearing."* These papers, together with the motion for new trial, were filed June 25, 1921. On March 14, 1922, motion for new trial was heard, and on March 27, 1922, the motion was granted, unless plaintiff should file a consent that the verdict and judgment be reduced. Consent was not filed.

Defendant—respondent—has made in this court a motion to quash the writ of certiorari. Two main questions are thus presented for determination: (1) Did this court have jurisdiction to issue the writ of certiorari, bringing the case up for review? (2) Did the District Court have jurisdiction to make the order of March 27, 1922, setting aside the verdict and judgment entered December 23, 1920, and granting a new trial?

[1] 1. The question sought to be reviewed by means of the writ is whether the court below had jurisdiction to make the order of March 27, 1922. That question was reviewable by writ of error. Phillips v. Negley, 117 U. S. 665, 6 Sup. Ct. 901, 29 L. Ed. 1013; City of Manning v. German Ins. Co., 107 Fed. 52, 46 C. C. A. 144. No writ of error was filed in the court below, although the plaintiff filed a petition praying for one, or for a writ of certiorari, on September 24, 1922, within six months after the order complained of. Assignment of errors and bond were properly and timely filed on the same day. An order was entered and filed on the same day allowing "writs of certiorari." Correspondence ensued between the clerk of the District Court and plaintiff's attorneys relative to the unusual procedure, but no writ of error was filed by the clerk of the court below. Finally, on October 21, 1922, on an application made to this court, an order was made allowing writ of certiorari, and on October 24, 1922, the writ was issued.

[2] Even if we could consider the order of the court below as one in effect granting writ of error, yet it is the filing of the writ in the court below which gives this court jurisdiction. No writ of error was filed. Old Nick Williams Co. v. U. S., 215 U. S. 541, 30 Sup. Ct. 221, 54 L. Ed. 318; Scarborough v. Pargoud, 108 U. S. 567, 2 Sup. Ct. 877, 27 L. Ed. 824; Polleys v. Black River Co., 113 U. S. 81, 5 Sup. Ct. 369, 28 L. Ed. 938; U. S. v. Baxter, 51 Fed. 624, 2 C. C. A. 410; Kentucky Coal Co. v. Howes, 153 Fed. 163, 82 C. C. A. 337; City of Waxahachie v. Coler, 92 Fed. 284, 34 C. C. A. 349. There is no showing that the clerk of court below was requested to issue a writ of error, and, unless this is done, it is not his duty so to do. Kentucky Coal Co. v. Howes, supra. The correspondence shows that the attorneys for the plaintiff and the clerk of court were not in accord as to the method of procedure. It is clear, however, that this court never obtained jurisdiction by writ of error, and the question arises whether the writ of certiorari was properly issued from this court in the absence of jurisdiction of the case by writ of error?

The power of this court to issue writs of certiorari is given by section 262 of the Judicial Code. That section reads as follows:

"Sec. 262. The Supreme Court and the District Courts shall have power to issue writs of scire facias. The Supreme Court, the Circuit Courts of Appeals, and the District Courts shall have power to issue all writs not specifically provided for by statute, which may be necessary for the exercise of their respective jurisdictions, and agreeable to the usages and principles of law." Comp. St. § 1239.

[3] It is contended that this section did not give this court power to issue the writ of certiorari in the case at bar, because this court never acquired jurisdiction of the case, and that, therefore, there was no jurisdiction in aid of which the writ could issue. This contention finds support in a number of federal decisions; but we think the true rule is more liberal in scope. In the case of McClellan v. Carland, 217 U. S. 268, 30 Sup. Ct. 501, 54 L. Ed. 762, one of the main questions involved was the power of the Circuit Court of Appeals to issue the writ of mandamus to the District Court of South Dakota. It appeared that the District Court had entered orders staying the prosecution of an action in that court pending the commencement and determination of a suit in the state court, involving the same questions. Application was made by plaintiff to this court for a writ of mandamus commanding the judge of the District Court to set aside the orders staying proceedings. The court denied the petition for mandamus, and the matter was taken to the Supreme Court. It was contended in that court that the Circuit Court of Appeals had no jurisdiction to issue the writ of mandamus, as that writ could only be issued in aid of an actually existing appellate jurisdiction of the Circuit Court of Appeals. In reference to this contention the Supreme Court said (217 U. S. 280, 30 Sup. Ct. 504, 54 L. Ed. 762):

"There are not wanting decisions in the federal courts holding different views as to the right to issue such writs as are involved in this case, before the appellate court has actually obtained jurisdiction of the case. There are expressions in opinions of this court to the effect that such writs issue in aid of a jurisdiction actually acquired. But we think it is the true rule that where a case is within the appellate jurisdiction of the higher court a writ of mandamus may issue in aid of the appellate jurisdiction which might otherwise be defeated by the unauthorized action of the court below."

The same conclusion in regard to the writ of mandamus had been announced by this court prior to the decision of McClellan v. Carland. See Barber Asphalt Co. v. Morris, 132 Fed. 945, 953, 66 C. C. A. 55, 67 L. R. A. 761, wherein the authorities are exhaustively reviewed by Judge Sanborn.

The rule thus laid down in regard to the power of the Circuit Court of Appeals to issue the writ of mandamus is we think equally applicable to the writ of certiorari. The existence of this power is also recognized in Whitney v. Dick, 202 U. S. 132, 26 Sup. Ct. 584, 50 L. Ed. 963. As to the propriety of the Circuit Court of Appeals issuing the writ of certiorari to bring matters from District Courts for review, it has been distinctly laid down by the Supreme Court that such writ should not be made use of where a writ of error or an appeal is available. Whitney v. Dick, 202 U. S. 132, 26 Sup. Ct. 584, 50 L. Ed. 963; U. S. v. Beatty, 232 U. S. 463, 34 Sup. Ct. 392, 58 L. Ed. 686. Yet it is clearly recognized that the writ may be used when there is an

imperative necessity as a means of correcting excesses of jurisdiction and of furthering justice. In U. S. v. Beatty, supra, the court said, referring to section 262 of the Judicial Code:

"No doubt, this provision * * * affords ample authority for using the writ as an auxiliary process, and, whenever there is imperative necessity therefor, as a means of correcting excesses of jurisdiction, of giving full force and effect to existing appellate authority, and of furthering justice in other kindred ways. American Construction Co. v. Jacksonville Co., 148 U. S. 372, 380; In re Chetwood, 165 U. S. 443, 462; Whitney v. Dick, 202 U. S. 132; McClellan v. Carland, 217 U. S. 268."

In the case at bar the court below, by attempting to allow "writs of certiorari," instead of a writ of error, acted in excess of its jurisdiction. This occurred on the 24th of September, 1922, and on the 27th the time for filing a writ of error expired. In view of the correspondence had between the clerk of court and plaintiff's attorney, we do not think the latter can be charged with culpable neglect in not applying, within those three days, to a judge of this court for allowance of a writ of error. Nor do we think plaintiff or her attorney dilatory in making application to this court for the writ of certiorari after it was definitely learned that the efforts in the lower court to bring the case to the appellate court had proven futile.

The result was that this court was deprived of its jurisdiction to review the order of the court below, dated March 27, 1922, unless the record could be brought up by use of the writ of certiorari. We think this situation, which was brought about without culpability on the part of the plaintiff or her attorneys, was such in character that the use sought to be made of the writ of certiorari was an admissible one. In the case In re Chetwood, 165 U. S. 443, 17 Sup. Ct. 385, 41 L. Ed. 782, the court said:

"Whenever the circumstances imperatively demand that form of interposition the writ may be allowed, as at common law, to correct excesses of jurisdiction and in furtherance of justice."

The issuance of the writ of certiorari, under all the circumstances, was discretionary with the court, and we think that the discretion was properly exercised. Ex parte Hitz, 111 U. S. 766, 4 Sup. Ct. 698, 28 L. Ed. 592; Hyde v. Shine, 199 U. S. 62, 85, 25 Sup. Ct. 760, 50 L. Ed. 90. Motion to quash the writ of certiorari is accordingly denied.

2. As to the jurisdiction of the court below to make the order of March 27, 1922:

[4] It is elementary that the federal District Courts have control over their own judgments during the term at which they are entered. It is equally elementary that such control ceases with the expiration of the term. Both branches of the rule are subject to exceptions or qualifications. Michigan Ins. Bank v. Eldred, 143 U. S. 293, 12 Sup. Ct. 450, 36 L. Ed. 162; U. S. v. Mayer, 235 U. S. 55, 67, 35 Sup. Ct. 16, 59 L. Ed. 129; City of Manning v. Ins. Co., 107 Fed. 52, 46 C. C. A. 144; Payne v. Garth (C. C. A.) 285 Fed. 301.

[5, 6] As to the latter branch of the rule, it is well settled that, if a motion for a new trial is filed during the judgment term, the motion may be decided and the judgment controlled accordingly subsequent to

the term. Kingman v. Western Mfg. Co., 170 U. S. 675, 18 Sup. Ct. 786, 42 L. Ed. 1192; Bronson v. Schulten, 104 U. S. 410, 415, 26 L. Ed. 797; City of Manning v. Ins. Co., supra; Payne v. Garth, supra. It is also well settled that, for the purpose of making a motion for a new trial and settling a bill of exceptions, the term at which a judgment is entered may be extended by general rule or special order. O'Connell v. U. S., 253 U. S. 142, 40 Sup. Ct. 444, 64 L. Ed. 827. But an extension order cannot itself be made after the judgment term and after a former extension period have both expired. Pierre v. U. S. (C. C. A.) 275 Fed. 352; Anderson v. U. S. (C. C. A.) 269 Fed. 65.

[7] Nor can the court entertain a motion for a new trial or for settling a bill of exceptions, if first made after the expiration of the term and of the extension period fixed by general rule of court or by special order. Exporters v. Butterworth Co., 258 U. S. 365, 42 Sup. Ct. 331, 66 L. Ed. 663; U. S. v. Mayer, 235 U. S. 55, 35 Sup. Ct. 16, 59 L. Ed. 129; Pierre v. U. S., supra; Anderson v. U. S., supra; Wick v. U. S. (C. C. A.) 290 Fed. 191.

[8] Consent of counsel, given during the judgment term or during a valid extension thereof, that the court may hear motion for new trial or settle bill of exceptions within a specified period, will enable the court lawfully during such extension period to perform those acts. Waldron v. Waldron, 156 U. S. 361, 378, 15 Sup. Ct. 383, 39 L. Ed. 453; Anderson v. U. S., supra. See Davis v. Patrick, 122 U. S. 138, 7 Sup. Ct. 1102, 30 L. Ed. 1090. But consent of counsel after the expiration of the term, and after the expiration of a valid extension period, cannot confer jurisdiction on the court to entertain a motion for a new trial or to settle a bill of exceptions. U. S. v. Mayer, 235 U. S. 55, 35 Sup. Ct. 16, 59 L. Ed. 129; Exporters v. Butterworth Co., supra.

In view of the foregoing holdings, it is plain, from the facts in the case at bar, that the court below had no jurisdiction to make the orders of June 7, 1921, June 23, 1921, and March 27, 1922. It is true that the court retained control over the judgment up to March 31, 1921, by its order of February 28th. No further order, however, was made during the period thus extended. The stipulation of counsel, dated March 23d (made within the validly extended period), extending the time to June 1st, enabled the court to hear the motion prior to the last-mentioned date. Anderson v. U. S., supra.

It also may be conceded that the stipulation of counsel dated May 26, 1921, and extending the time until June 15, 1921, enabled the court legally to hear the motion at any time up to that date. But these stipulations of counsel gave the court no power to enter an order still further extending the period for filing motion for new trial, and the court had already lost this power on March 31, 1921, by the expiration of its own order. The orders of June 7 and June 23, 1921, and the hearing of the motion for new trial, and the order of March 27, 1922, were all, therefore, coram non judice.

The case is remanded, with instructions to enter an order setting aside the order of March 27, 1922.