GENERAL MOTORS ACCEPTANCE CORPORATION v. LAWRENCE.

(Circuit Court of Appeals, Eighth Circuit. November 18, 1925.)

No. 6874.

Appeal and error ⊙⟳356—Writ of error not issued by District Court within six months after judgment was entered must be dismissed.

Where judgment was entered March 4th, and writ of error was allowed by District Court August 20th, but was not issued until September 29th, it was not perfected within six months allowed by statute, and must be dismissed.

In Error to the District Court of the United States for the District of New Mexico; Colin Neblett, Judge.

Action by the General Motors Acceptance Corporation against F. S. Lawrence. Judgment for defendant, and plaintiff brings error. On motion to dismiss writ of error. Motion sustained, and writ dismissed.

H. C. Denny, of Gallup, N. M., and C. M. Botts, John F. Simms, and Henry G. Gatling, all of Albuquerque, N. M., for the motion.

Before STONE and VAN VALKENBURGH, Circuit Judges, and WILLIAMS, District Judge.

STONE, Circuit Judge. This is a motion to dismiss the writ of error for lack of jurisdiction in this court because the writ was not perfected within the six months period allowed by the statute.

The judgment was entered March 4, 1924. The petition for writ of error and the assignments of error were filed before the District Judge August 20, 1924, and the

writ was allowed by the District Judge upon that date. The writ was not issued in the District Court until September 29, 1924.

The leading case upon the point now before the court is Brooks v. Norris, 11 How. 204, 13 L. Ed. 665, decided in 1850. The statute then governing was section 22 of the Judiciary Act of 1789 ( 1 Stat. 84), which provided that writs of error must be brought within five years from the judgment. In that case the writ was allowed and the bond approved within the five-year period but the writ was not filed or issued until later. The Supreme Court held that a motion to dismiss the writ should be granted because it was not filed within time. The rule is stated on page 207 by Chief Justice Taney as follows:

"The Act of 1789, c. 20, § 22, provides that writs of error shall not be brought but within five years after rendering or passing the judgment or decree complained of. The writ of error is not brought, in the legal meaning of the term, until it is filed in the court which rendered the judgment. It is the filing of the writ that removes the record from the inferior to the appellate court, and the period of limitation prescribed by the act of Congress must be calculated accordingly. The day on which the writ may have been issued by the clerk, or the day on which it is tested, are not material in deciding the question."

The issuance of the writ by the District Judge is, for the purpose now considered, the equivalent of filing in the trial court a writ issued thereto by an appellate court.

The above decision has been quoted with approval in Mussina v. Cavazos, 6 Wall. 355, 18 L. Ed. 810, and followed by the Supreme Court in Scarborough v. Pargoud, 108 U. S. 567, 2 S. Ct. 877, 27 L. Ed. 824, and Roney v. Van Ness, 231 U. S. 737, 34 S. Ct. 316, 58 L. Ed. 460. The same rule has been announced and followed in this circuit in U. S. v. Baxter, 51 F. 624, 2 C. C. A. 410, and Greyerbiehl v. Hughes Electric Co. (C. C. A.) 294 F. 802, 804. Also, in the Second Circuit in Siegelschiffer v. Penn Mut. Life Insurance Co., 248 F. 226, 160 C. C. A. 304.

As to the rule concerning time limit in appeals, see Cardona v. Quinones, 240 U. S. 83, 36 S. Ct. 346, 60 L. Ed. 538; Randall Co. v. Foglesong Mach. Co., 200 F. 741, 119 C. C. A. 185 (Sixth Circuit).

This motion to dismiss the writ of error must be and is sustained and the writ of error dismissed.