Justice Ginsburg,
with whom Justice Stevens and Justice Breyer join, concurring in part and concurring in the judgment.
I agree with the Court’s characterization of 17 U. S. C. § 411(a) (2006 ed. and Supp. II). That provision, which instructs authors to register their copyrights before commencing suit for infringement, “is a precondition to filing a claim that does not restrict a federal court’s subject-matter jurisdiction.” Ante, at 157. I further agree that Arbaugh v. Y & H Corp., 546 U. S. 500 (2006), is the controlling precedent, see ante, at 161-162, and that Bowles v. Russell, 551 U. S. 205 (2007), does not counsel otherwise. There is, however, undeniable tension between the two decisions. Aiming to stave off continuing controversy over what qualifies *172 as “jurisdictional,” and what does not, I set out my understanding of the Court’s opinions in Arbaugh and Bowles, and the ground on which I would reconcile those rulings.
In Arbaugh, we held nonjurisdietional a prescription confining Title VII’s coverage to employers with 15 or more employees, 42 U. S. C. §2000e-2(a)(l). After observing that “the 15-employee threshold . . . ‘d[id] not speak in jurisdictional terms or refer in any way to the jurisdiction of the district courts,’ ” 546 U. S., at 515 (quoting Zipes v. Trans World Airlines, Inc., 455 U. S. 385, 394 (1982)), the Arbaugh opinion announced and applied a “readily administrable bright line”:
“If the Legislature clearly states that a threshold limitation on a statute’s scope shall count as jurisdictional, then courts and litigants will be duly instructed and will not be left to wrestle with the issue. But when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdietional in character. Applying that readily administrable bright line to this case, we hold that the threshold number of employees for application of Title VII is an element of a plaintiff’s claim for relief, not a jurisdictional issue.” 546 U. S., at 515-516 (citation and footnote omitted).
As the above-quoted passage indicates, the unanimous Arbaugh Court anticipated that all federal courts would thereafter adhere to the “bright line” held dispositive that day.
Bowles moved in a different direction. A sharply divided Court there held “mandatory and jurisdictional” the time limits for filing a notice of appeal stated in 28 U. S. C. § 2107(a), (c). 551 U. S., at 209 (internal quotation marks omitted). Bowles mentioned Arbaugh only to distinguish it as involving a statute setting “an employee-numerosity requirement, not a time limit.” 551 U. S., at 211. Section 2107’s time limits were “jurisdictional,” Bowles explained, *173 because they were contained in a statute, not merely a rule, id., at 210-213, and because “[t]his Court ha[d] long held that the taking of an appeal within the prescribed time is ‘mandatory and jurisdictional,’ ” id., at 209. Fidelity to Arbaugh and similarly reasoned decisions,* the dissent in Bowles observed, would have yielded the conclusion that statutory time limits “are only jurisdictional if Congress says so. ” 551 U. S., at 217 (opinion of Souter, J.).
Bowles and Arbaugh can be reconciled without distorting either decision, however, on the ground that Bowles “rel[ied] on a long line of this Court’s decisions left undisturbed by Congress.” Union Pacific R. Co. v. Locomotive Engineers, 558 U. S. 67, 82 (2009) (citing Bowles, 551 U. S., at 209-211). The same is true of our decision, subsequent to Bowles, in John R. Sand & Gravel Co. v. United States, 552 U. S. 130 (2008). There the Court concluded, largely on stare decisis grounds, that the Court of Federal Claims statute of limitations requires sua sponte consideration of a lawsuit’s timeliness. Id., at 136 (“[P]etitioner can succeed only by convincing us that this Court has overturned, or that it should now overturn, its earlier precedent.”).
Plainly read, Arbaugh and Bowles both point to the conclusion that § 411(a) is nonjurisdictional. Section 411(a) “does not speak in jurisdictional terms or refer in any way to the jurisdiction of the district courts.” Zipes, 455 U. S., at 394. Arbaugh’s “readily administrable bright line” is therefore controlling. 546 U. S., at 516.
Bowles does not detract from that determination. Amicus, reading Bowles as I do, urges on its authority that we hold §411(a) jurisdictional lest we disregard “‘a century’s worth of precedent.’” Brief for Court-Appointed Amicus Curiae in Support of Judgment Below 26 (quoting Bowles, 551 U. S., at 209, n. 2); see ante, at 167. But in Bowles and *174 John R. Sand & Gravel Co., as just explained, we relied on longstanding decisions of this Court typing the relevant prescriptions “jurisdictional.” Bowles, 551 U. S., at 209-210 (citing, inter alia, Scarborough v. Pargoud, 108 U. S. 567 (1883), and United States v. Curry, 6 How. 106 (1848)); John R. Sand & Gravel Co., 552 U. S., at 136. Amicus cites well over 200 opinions that characterize § 411(a) as jurisdictional, but not one is from this Court, and most are “ ‘drive-by jurisdictional rulings’ that should be accorded ‘no precedential effect,”’ Arbaugh, 546 U. S., at 511 (quoting Steel Co. v. Citizens for Better Environment, 523 U. S. 83, 91 (1998)); see Arbaugh, 546 U. S., at 511-513; ante, at 161.
* * *
For the reasons stated, I join the Court’s judgment and concur in part in the Court’s opinion.

E. g., Eberhart v. United States, 546 U. S. 12 (2005) (per curiam); Scarborough v. Principi, 541 U. S. 401 (2004); Kontrick v. Ryan, 540 U. S. 443 (2004).